551 P.2d 621

Virgil L. CLINE and Roberta F. Cline, husband and wife, Plaintiffs-Respondents,

v.

John ROEMER, dba Roemer Realty, Defendant-Appellant.

No. 11793.

Supreme Court of Idaho.

June 25, 1976.

---

Stephen L. Beer, Sallaz, Scanlan & Beer, Howard I. Manweiler, Boise, for defendant-appellant.

Stephen C. Batt, Gatchel & Batt, Payette, for plaintiffs-respondents.

## PER CURIAM.

This action arose out of a 1971 real estate transaction in which plaintiff-respondents Virgil and Roberta Cline allegedly contemplated the purchase of a parcel of real estate from Imo Purcell. Defendant-appellant John Roemer acted as an intermediary between the parties in his capacity as a real estate broker. During the course of the negotiations the Clines delivered $8,000.00 to Roemer as a down payment on the property. The transaction then failed and the Clines sued Roemer for the amount paid. On October 31, 1972, at a time when Roemer was acting as his own attorney, a summary judgment was entered against him for $11,000.00 actual and punitive damages. He now appeals from that judgment, from an October 25, 1974, order denying his alternative motion to set aside the judgment pursuant to I.R.C.P. 60(b) or to enter a new judgment and to direct the clerk to notify the parties pursuant to I.R.C.P. 77 (d), and from a November 1, 1974 judgment against a surety. We affirm all judgments.

■ This case involves an extensive procedural history, including numerous motions and two previous appeals. Defendant-appellant Roemer acknowledges that the crux of his position in this appeal is a failure on the part of the clerk of the court to comply with I.R.C.P. 77(d).[1] Ostensibly, the time for bringing this appeal has long passed; however, Roemer maintains that under the holding of the United States Supreme Court in *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), a failure to give notice of a judgment tolls the time in which an appeal must be brought. It is not disputed that a clerk of the court failed to give Roemer notice of that judgment as required by I.R.C.P. 77(d). Roemer argues that until he is given notice by the clerk, the time for appeal does not begin to run, and this appeal is timely.

In *Hill* the United States Supreme Court did not hold that the time for appeal is tolled in all instances of failure to give

---

1. I.R.C.P. 77(d) reads:

 "*Notice of orders or judgments.*—Immediately upon the entry of an order or judgment the clerk of the district court shall serve a notice of the entry by mail in the manner provided for in rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in rule 5 for the service of papers."

 This rule is substantially identical to the corresponding Federal rule as it was when *Hill v. Hawes* was written. In 1946, in response to *Hill*, the Federal rule was amended to provide that failure to give notice does not affect the time for appeal. The Idaho rule was not amended to conform to the new Federal rule.

formal notice of a judgment. Rather, it held that failure to give notice "may well" have such an effect. Further, it noted that a trial court could alter a judgment in such circumstances "in the interest of justice to a party to the cause." It is clear that the Court in *Hill* did not intend to toll the appeal time in all such cases.

The crucial distinction between *Hill* and the instant case is that in *Hill* there was no actual notice of the judgment. It is apparent from the record that Roemer has had actual knowledge of the judgment since at least February 15, 1973. On that date, Roemer moved the court to set aside the judgment, and stated in affidavit that he had been informed of the judgment by his attorney on some prior date. Subsequent proceedings also indicate actual knowledge of the judgment. "Had it appeared in [*Hill*] that the petitioner had actual notice of the entry of the judgment before the appeal period expired (as here), it is doubtful that the trial court would have ruled as it did or that the supreme court would have upheld the ruling as an exercise of a sound discretion." *Old Pueblo Transit Co. v. Corporation Commission*, 73 Ariz. 32, 236 P.2d 1018 (1951).

Actual knowledge of a judgment will cause the time for appeal to begin to run even if formal notice pursuant to I.R.C.P. 77(d) has not been given.[2] In this case, defendant-appellant Roemer had actual knowledge of the judgment sometime prior to February 15, 1973. While the record does not disclose the exact date on which he received notice, it is apparent that the time for appeal from the judgment has long since passed and that any appeal is now untimely; accordingly, the order on October 25, 1974, denying Roemer's motion pursuant to Rule 77(d) was properly denied because Roemer had actual knowledge and notification by the clerk was unnecessary.

 Roemer also appeals from an order entering judgment against Roemer's surety on the supersedeas bond; however, Roemer has failed to assign error on that point, and we affirm. *Haggerty v. Western Barge, Inc.*, 94 Idaho 509, 492 P.2d 48 (1971); *Oregon Shortline Ry. Co. v. City of Chubbuck*, 93 Idaho 815, 474 P.2d 244 (1970); S.Ct. Rule 41(2).

By reason of the court's disposition of this case, consideration of other assignments of error becomes irrelevant.

The judgment is affirmed. Costs to respondents.

---

**2.** See also, *Klaudt v. Klaudt*, 156 N.W.2d 72 (N.D.1968). Further useful analogy is found in those Idaho cases which hold that where notice of an order is required before a con-tempt citation may issue for failure to obey that order, actual knowledge of the order will suffice. *Hay v. Hay*, 40 Idaho 159, 232 P. 895 (1924).