580 P.2d 1296

Samuel A. SWAYNE and Cleo R. Swayne, husband and wife, Plaintiffs-Respondents,

v.

Carl W. OTTO and Gloria Otto, husband and wife, and Ned M. Williams and Floribel Williams, husband and wife, et al., Defendants-Appellants.

No. 12204.

Supreme Court of Idaho.

June 29, 1978.

E. Don Copple of Davison, Copple & Copple, Boise, for defendants-appellants.

Graydon W. Smith, Boise, for plaintiffs-respondents.

SCOGGIN, Justice Pro Tem.

In 1964 the plaintiff-respondents filed a complaint in Owyhee County seeking to quiet title to a plot of land 50′ × 100′. Plaintiffs based their claim on theories of record title and adverse possession. Following a trial and subsequent hearings, in what has to be one of the most protracted cases ever to occupy the time of the courts of this state, plaintiffs were decreed by the trial court to be the record owners.

A trial was had in 1966, but because of the delay in extensive post-trial briefing resulting from the illness of counsel and other causes, the trial court did not issue a memorandum decision until 1973. After being fully submitted, the trial court not only determined that the respondents had record title but also found that neither party had established a right to title by adverse possession. After the 1973 memorandum decision in favor of the respondents, the trial court directed that a survey be conducted so that a decree of quiet title might be issued with the legal description of the property to which the court had determined the respondents had record title. Over objections of the appellants, the trial court incorporated into its decree the description of the 50′ × 100′ property as determined by the foregoing survey.

A copy of the proposed findings of fact, conclusions of law and judgment was mailed to the appellants' counsel on March 27, 1975. The trial court judge signed the judgment, and it was filed on March 28, 1975. Rule 77(d) of the I.R.C.P. then provided, though it has since been amended:

Immediately upon the entry of an appealable order or judgment the clerk of the district court, or magistrates division, shall serve a notice of entry by mail to every party affected thereby by mailing to the attorney of record of each party, or if the party is not represented by an attorney, by mailing to the party at the address most likely to give notice to such party. The clerk shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers.

See *Radioear Corp. v. Crouse,* 97 Idaho 501, 547 P.2d 546 (1976). Although the judgment had been entered on March 28, 1975, I.R.C.P. 58(a) and 79(b), the clerk of the district court did not send the notice which was then required by Rule 77(d).

A hearing was held on April 11, 1975, on appellants' motion to disallow costs. On the day of the hearing one of the appellants inquired of the clerk as to whether judgment had been entered, and she was informed that it had not. Several inquiries were made between April 11, 1975, and January 27, 1976, by counsel for the appellants by Gloria Otto, one of the appellants, and by her daughter. On each occasion before January 27, 1976, they were informed by the clerk that no judgment had been entered.

When the appellants learned judgment had been entered, they moved the trial court to vacate its judgment of March 28, 1975, and to reinstate the same, *see Andrus v. Irick,* 87 Idaho 471, 394 P.2d 304 (1964), or to grant their motions for a new trial pursuant to Rules 59(b) and 60(b) because of newly discovered evidence. The trial court denied these motions.

Respondents contend that the appellants' motion for a new trial and their notice of appeal were filed too late and that this appeal should be dismissed accordingly. Rule 59(b) requires a motion for a new trial to be filed within ten days after a judgment is entered. Rule 60(b) requires such a motion to be made within six months when, as here, it is based on newly discovered evidence. Under the statute in effect at the time this case was decided by the lower court, I.C. § 13–201 (repealed 1977), a notice of appeal had to be filed within 60 days after judgment was entered.

While recognizing these time limits, the appellants would nonetheless have us construe Rules 59(b) or 60(b) or former I.C. § 13–201 so as to afford them relief. They point to the clerk's failure to notify them that a judgment had been entered as the clerk is required to do by Rule 77(d). They also point to the incorrect information given to them by the clerk to the effect that no judgment had been entered when in fact the opposite was true. Because of these omissions and errors, they did not learn, they contend, that a judgment had been entered until the times provided in Rules 59(b), 60(b) and I.C. § 13–201 had run. The holding of the district court was that appellants had "constructive notice" that the judgment had been entered, notwithstanding the alleged omissions and errors of the clerk, from the fact that at the hearing for costs on April 11, 1975, the judgment was marked "filed" March 28, 1975, and was in the court's file at the hearing and available to counsel. We are inclined to rely upon the considered judgment of the district court. *Cf. Cline v. Roemer,* 97 Idaho 666, 551 P.2d 621 (1976) (where a party has actual notice that a judgment has been entered, the time for filing of a notice of appeal will not be tolled).

The appeal is dismissed.

McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., concur.