614 P.2d 984

Robert R. TANNER and Raylene Tanner, husband and wife, Plaintiff-Appellants,

v.

ESTATE of Patricia COBB; Herman J. McDevitt, Personal Representative, Defendant-Respondents.

No. 13069.

Supreme Court of Idaho.

Aug. 5, 1980.

R. M. Whittier of Whittier & Souza, Pocatello, for appellants.

M. Jay Meyers of McDevitt, McDevitt, Meyers & White, Pocatello, for respondents.

BAKES, Justice.

Plaintiff appellants Tanners, husband and wife, appeal from a district court judgment in which the Tanners' claims against the defendant respondent estate of Patricia Cobb were denied. The Tanners also appeal from an attorney fee award made against them in favor of the defendant respondent estate. Because we conclude that the Tanners failed to file a timely notice of appeal from the district court judgment which denied their claims against the respondent estate, that portion of this appeal concerned with the disposition of their claims against the estate is dismissed. The award of attorney fees to the respondent estate is affirmed.

On February 24, 1976, appellants Tanners presented a claim to the estate of Patricia Cobb for $3,500. The claim was based upon a loan made by appellant Robert Tanner to Lloyd Cobb, husband of Patricia Cobb, prior to Patricia Cobb's death. The Tanners also presented unrelated claims to the estate which arose from Patricia and Lloyd Cobb's alleged breach of an agreement between the Cobbs and the Tanners which related to land owned by the Cobbs and the Tanners as tenants in common. The estate denied both claims in March, 1976.

The Tanners brought suit against the estate in district court in May, 1976, seeking recovery on the claims denied by the estate. A court trial was held on May 4, 1978. On May 31, 1978, the district court issued a memorandum decision in which the Tanners' claims were denied. The court direct-

ed the attorney for appellants Tanners, even though they were not the prevailing parties, to prepare findings of fact, conclusions of law and judgment to reflect the memorandum decision, and proposed findings of fact, conclusions of law and judgment were submitted by appellants. On June 26, 1978, a hearing on the respondent estate's motion for attorney fees was held. During that hearing the district court granted counsel for the respondent estate until July 5, 1978, to file any objections to the proposed findings of fact, conclusions of law, and judgment if the estate had any objections.

■ The district court filed findings of fact, conclusions of law and judgment in the matter on June 28, 1978. No objections to the findings of fact, conclusions of law or judgment were thereafter filed by the respondent estate. Thus, the forty-two days allowed by I.A.R. 14(a) for the taking of an appeal would have expired on August 9, 1978, unless the time for taking an appeal was modified by the district court's order granting the respondent estate until July 5, 1978, for the filing of objections to the findings of fact, conclusions of law or judgment. Appellants Tanners filed their notice of appeal on August 11, 1978, forty-four days after entry of the judgment.

On August 14, 1978, the district court filed an order granting the respondent estate a $300 attorney fee award. On August 22, 1978, plaintiff appellants Tanners filed an amended notice of appeal which purported to be taken both from the district court judgment entered on June 28, 1978, and from the August 14, 1978, attorney fee award.

I.R.C.P. 52(b) and 59(e), which were in effect in their current form in 1978, provide that a party may move within ten days after entry of a judgment to amend findings of fact, conclusions of law or judgment. If no objection or motion to amend is made within ten days from entry of the judgment, the time for filing a notice of appeal runs from the date judgment is entered. I.A.R. 14(a); *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977).

I.A.R. 14(a) further provides that when a timely motion is filed which, if granted, could affect the findings of fact, conclusions of law or judgment, the time for filing a notice of appeal will not commence until the district court files an order deciding the motion. The respondent estate filed no objections or motion to amend either within the ten days from entry of judgment permitted by I.R.C.P. 52(b) and 59(e), or within the time provided by the court in its order on June 26, 1978. Therefore, the time for filing a notice of appeal in this case commenced with the entry of judgment on June 28, 1978, and expired on August 9, 1978. No motions or objections were filed which would have tolled the running of that time.

The appellants Tanners assert, however, that the judgment entered on June 28, 1978, did not contain certification by the court clerk that it was mailed at the time of entry to counsel and parties. Counsel for appellants asserts that not until July 27, 1978, thirteen days before the running of the time for taking an appeal from the June 28, 1978, judgment, did he learn that judgment had been entered on June 28, 1978. Appellants' notice of appeal was filed fifteen days later, on August 11, 1978. I.R.C.P. 77(d), effective July 1, 1977, reads in part as follows:

"Lack of notice of entry of an appealable order or judgment does not affect the time to appeal or to file a post-trial motion, or relieve or authorize the court to relieve a party for failure to appeal or file a post-trial motion within the time allowed, except where there is no showing of mailing by the clerk in the court records and the party affected thereby had no actual notice."

We conclude that although there is no showing in the court records of a mailing of notice of entry of judgment, where appellants' counsel had actual notice of entry of judgment thirteen days prior to expiration of the time for filing an appeal, appellants' notice of appeal filed forty-four days after the entry of judgment was not timely. *See Swayne v. Otto*, 99 Idaho 271, 580 P.2d 1296 (1978) (appellant's "constructive notice" of

entry of judgment within the time to take appeal prevents a tolling of the filing time limit); *Sines v. Blaser*, 98 Idaho 435, 566 P.2d 758 (1977) (district court abused its discretion in denying I.R.C.P. 60(b) relief from a judgment entered without notice to or knowledge by appellants until after expiration of appeal time). The appeal taken from the judgment entered on June 28, 1978, is therefore dismissed.

An amended notice of appeal was filed on August 22, 1978. It purported to be taken from both the June 28, 1978, judgment and the August 14, 1978, order granting the defendant respondent estate an attorney fee award. An attorney fee award made subsequent to entry of judgment in a case does not affect the finality of the original judgment. *See Idah–Best, Inc. v. First Security Bank*, 99 Idaho 517, 584 P.2d 1242 (1978). Appellants' amended notice of appeal filed August 22, 1978, is adequate to raise on appeal only the question of the propriety of the attorney fee award made August 14, 1978.

The defendant respondent estate sought an attorney fee award in this action in a counterclaim filed prior to trial. The district court withheld its ruling on the claim for attorney fees when judgment was entered on June 28, 1978. The attorney fee issue had been argued before the court on June 26, 1978, with both parties represented by counsel. The district court later concluded that the defendant respondent estate was prevailing party, at least in part, and that a $300 attorney fee award was a reasonable sum to be awarded under the circumstances. Pursuant to I.C. § 12–121, the district court may award reasonable attorney fees to the prevailing party in any civil action. The appellants have not shown that the $300 award made in this case constituted an abuse of the district court's discretion, and the award is therefore affirmed.[1] *Levra v. National Union Fire Ins. Co. of Pittsburgh*, 99 Idaho 871, 590 F.2d 1017 (1979).

Costs to respondent.

DONALDSON, C. J., and McFADDEN, SHEPARD and BISTLINE, JJ., concur.

---

1. Judgment in this case was entered prior to this Court's adoption of I.R.C.P. 54(e), effective March 1, 1979, which now governs the award of attorney fees made pursuant to I.C. § 12–121.