670 P.2d 63

**Rodney J. HERRETT,
Plaintiff-Appellant,**

v.

**Alicia M. HERRETT,
Defendant-Respondent.**

No. 14198.

Court of Appeals of Idaho.

Sept. 27, 1983.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., J. Kelley Wiltbank, Sp. Deputy Atty. Gen., for plaintiff-appellant.

Dennis J. Sallaz of Sallaz and Scanlan, Boise, for defendant-respondent.

SWANSTROM, Judge.

This case originated in the magistrate division, was appealed to the district court and then appealed again. We are asked to review a district court order affirming the dismissal of plaintiff's complaint by the magistrate.

Rodney Herrett filed his complaint in the magistrate division seeking child support from his former wife under the Revised Uniform Reciprocal Enforcement of Support Act, I.C. §§ 7–1048 to 1089 (RURESA). For reasons which need not be considered here, the magistrate dismissed the complaint on April 7, 1980. The judgment was entered April 10. Herrett's notice of appeal was dated May 23 and filed in the district court on the same date. Without considering the timeliness of the appeal, the district court affirmed the decision of the magistrate.

Although we are asked to review the dismissal of the complaint, we find that the notice of appeal from the magistrate's order was not timely filed and hold that the district court lacked jurisdiction to consider the appeal. Accordingly, we vacate the order of the district court. The result, of course, is undisturbed—the magistrate's order of dismissal remains intact.

At the time this case was heard, I.R.C.P. 83(e) required that "[a]n appeal to a district court from the magistrate's division must be filed with the appropriate district court within 30 days after entry of the judgment or order." [1] This requirement was mitigated somewhat by I.R.C.P. 77(d) which stated in pertinent part:

> Immediately upon the entry of an appealable order or judgment the clerk of the district court, or magistrates division, shall serve a copy thereof by mail on every party affected thereby by mailing or delivering to the attorney of record of each party.... Lack of notice of entry of an appealable order or judgment does not affect the time to appeal or to file a post-trial motion, or relieve or authorize the court to relieve a party for failure to appeal or file a post-trial motion within the time allowed, *except* where there is no showing of mailing by the clerk in the court records *and the party affected thereby had no actual notice.* [Emphasis added.]

Appellant filed his notice of appeal forty-three days after entry of the magistrate's judgment, well beyond the thirty days allowed under I.R.C.P. 83(e). He claims, however, that because the clerk never gave the notice required under I.R.C.P. 77(d), the thirty-day time for appeal did not commence until he received actual notice of entry of judgment. He cites *Cline v. Roemer,* 97 Idaho 666, 551 P.2d 621 (1976), to support his position.

In *Cline* our Supreme Court held that "[a]ctual knowledge of a judgment will cause the time for appeal to begin to run even if formal notice pursuant to I.R.C.P. 77(d) has not been given." 97 Idaho at 668, 551 P.2d at 623. Under appellant's reading of *Cline,* he had thirty days to file his notice of appeal, not from the date judgment was entered, but from the date he received actual knowledge of the entry of judgment. He maintains that according to the ruling in *Cline* his notice of appeal was filed within the thirty days required by I.R.C.P. 83(e). We believe appellant incorrectly interprets *Cline.*

The trial court in *Cline* entered its judgment on October 31, 1972, but the clerk did not give notice of this fact as required by I.R.C.P. 77(d). The appellant claimed to have received actual notice on or about February 15, 1973, and he filed his notice of appeal November 16, nine months later. Our Supreme Court held that the appellant had *not* timely filed his appeal. It concluded that because he had actual knowledge of the judgment, "it is apparent that the time for appeal from the judgment has long since past and that any appeal is now untimely...." 97 Idaho at 668, 551 P.2d at 623.

*Dustin v. Beckstrand,* 103 Idaho 780, 654 P.2d 368 (1982), reached the same result upon similar essential facts. In that case, our Supreme Court cited *Cline* with approval. The court held that the notice of appeal

1. The former rule was in effect from January 1, 1975, to July 1, 1981, when an amendment to the rule, allowing forty-two days to file an appeal from the magistrate division became effective. The former rule, and the present rule, have provisions which extend the time for filing when certain motions are timely made. No such motions were filed in the present case.

in *Dustin* was not timely filed because it "was not filed until February 11, 1980, almost three months after the Beckstrands had actual notice and long after the time limits had run." *Id.* at 786, 654 P.2d at 374. Judgment had been entered August 14, 1979, and appellants received actual notice of that judgment on November 13. The rule of *Cline* and *Dustin,* therefore, appears to be that when the clerk fails to give notice as required under I.R.C.P. 77(d), the time for appeal does not begin to run until actual notice is received.

However, after *Cline* and before *Dustin,* our Supreme Court handed down *Tanner v. Estate of Cobb,* 101 Idaho 444, 614 P.2d 984 (1980). There, under a rule requiring notice of appeal to be filed within forty-two days of entry of judgment, the court said:

> We conclude that although there is no showing in the court records of a mailing of notice of entry of judgment, where appellants' counsel had actual notice of entry of judgment thirteen days prior to expiration of the time for filing an appeal, appellants' notice of appeal filed forty-four days after the entry of judgment was not timely.

*Id.* at 445, 614 P.2d at 985. In *Tanner,* therefore, the appellant had forty-two days from entry of judgment, not forty-two days from the date he received actual notice, to file his notice of appeal. On the surface, this result appears to differ from that in *Cline* and *Dustin.*

■ We do not believe, however, that these cases are inconsistent. The difference lies in when the appellant received actual notice. In *Cline* and *Dustin,* actual notice was not received until after the original time for appeal had expired. In other words, the appellants received actual notice more than thirty (or forty-two) days after entry of judgment. This, coupled with the fact that the clerk failed to give notice of judgment, "affects" the time for appeal under I.R.C.P. 77(d). When the original time for appeal expires before the appellant receives actual notice, the appellant is deprived of any opportunity to appeal an adverse decision. Under these circumstances,

the time for appeal begins to run anew from the date the appellant receives actual notice. *Cline v. Roemer, supra; Dustin v. Beckstrand, supra.*

In *Tanner,* however, the appellant received actual notice while the original period still had thirteen days to run. The court concluded that the appellant had sufficient notice to file his appeal before the original period expired and therefore it was not necessary to toll the period, even though the clerk did not give notice. The appellant had an opportunity to appeal the adverse decision. The time for appeal began to run at entry of judgment and expired irrevocably forty-two days later.

■ Therefore, in the present case, the date the appellant received actual notice is the key question. Appellant here first claims that he received actual notice on May 22, which was after the original period had expired. If this were true, the rule of *Cline* and *Dustin* would apply and the appeal would be deemed timely because only one day had elapsed between appellant's receiving actual notice and filing the notice of appeal. Appellant, however, concedes he may have received actual notice on April 30, which was within the original appeal period, in which case *Tanner* would apply and the appeal would be deemed untimely.

Because appellant was seeking child support under RURESA he was being represented in the magistrate division by the Ada County Prosecuting Attorney. I.C. § 7–1059. When the notice of appeal from the magistrate's order of dismissal was filed in district court, appellant's counsel filed an affidavit of the "Administrator of the Family Support Division of the Ada County Prosecuting Attorney's Office." The affidavit included the following statements:

> 4. That your affiant ... would make [the] decisions to appeal an order from the Magistrate's Division.
>
> 9. That your affiant, on April 30, 1980, requested Nita J. Briscoe [a secretary] to obtain from the Clerk of the Court's office a copy of said order [in the case of Herrett v. Herrett].

10. That on the afternoon of April 30, 1980, Ms. Briscoe returned with a copy of said order.

11. That your affiant has not received any *other* copies of the order issued by the magistrate in the above-entitled case through the mails or otherwise. [Emphasis added.]

The fact that the clerk's office had not given notice as required by I.R.C.P. 77(d) is of no help to appellant if he otherwise had actual notice of the entry of judgment before the original time for appeal expired.

The affidavit demonstrates that appellant had actual notice on April 30, 1980, ten days before the time for appeal had expired. Delivery of a copy of the entered order to the Administrator of the Family Support Division of the Ada County Prosecuting Attorney's Office constitutes receipt of actual notice by appellant's counsel. The judgment was entered on April 10, and the thirty-day time for appeal expired on May 10. Because appellant received actual notice through his counsel, while the original period was still running and while opportunity to file an appeal still existed, we hold that the time for appeal began to run from entry of judgment and expired irrevocably on May 10. *Tanner v. Estate of Cobb, supra.* Appellant filed his notice of appeal on May 23, thirteen days after the expiration of the period. This was not timely and the district court therefore lacked jurisdiction to hear the appeal.

In the instant appeal from the district court, both parties have attempted to waive appellant's failure to timely file the first appeal. They have stipulated:

that neither the parties, nor the district court, have ever raised the timeliness of the filing of the appeal as an issue, and that the parties have previously waived any contest to the timeliness of the appeal and do now expressly waive any contest to the timeliness of the filing of the appeal.

Failure to timely file an appeal, however, deprives an appellate court of jurisdiction. I.A.R. 21; *Neal v. Harris,* 100 Idaho 348, 597 P.2d 234 (1979). In general, where a court is without jurisdiction, such jurisdiction cannot be conferred by stipulation. *Athey v. Oregon Short Line R.R. Co.,* 30 Idaho 318, 165 P. 1116 (1917). If the district court was without jurisdiction to hear the appeal from the magistrate's order, and the parties could not stipulate to such jurisdiction, the appeal should have been dismissed.

In addition, we note that objections to jurisdiction may be raised at any time during the proceedings, either by one of the parties or by the court on its own motion. I.R.C.P. 12(h)(3); I.A.R. 21. Our Supreme Court has said:

In appeals from the district court to this Court we have followed the rule that this Court has no jurisdiction to consider the appeal when the appellant has not filed a timely notice of appeal. [Citations omitted.] Thus, it has been the practice of this Court to dismiss an appeal when notice of appeal was not timely filed. [Citations omitted.] "[The question of jurisdiction of the district courts] may be properly raised at any time during the progress of the cause, even in this court." *Twin Falls Realty Co. v. Brune,* 45 Idaho 579, at 581, 264 P. 382, at 383 (1928); [other citations omitted]. We believe the district court's authority to consider appeals from the magistrates division of the district court is similarly limited with respect to filing timely notice of appeal and hold that the district court has no jurisdiction to consider appeals from the magistrates division of the district court when notice of appeal has not been timely filed.

*In the Interest of Wellard,* 97 Idaho 197, 198, 541 P.2d 621, 622 (1975).

The order of the district court is vacated and the appeal is dismissed. Parties to bear their own costs on appeal.

WALTERS, C.J., and BURNETT, J., concur.