701 P.2d 251

C. Lee ROSE, dba C. Lee Rose Real Estate; Norma Rose; and C. Lee Rose Enterprises, an Idaho corporation, Plaintiffs-Respondents,

v.

Harry B. SHOWALTER and Anita F. Showalter, husband and wife, Defendants-Appellants.

No. 15181.

Court of Appeals of Idaho.

April 30, 1985.

Rehearing Denied June 26, 1985.

Jon N. Wyman, Wyman & Wyman, Boise, for defendants-appellants.

Dennis L. Cain, Beer & Cain, Boise, for plaintiffs-respondents.

WALTERS, Chief Judge.

C. Lee Rose, a real estate broker, filed this action to recover a commission following the sale of real property owned by the appellants, Showalters. Judgment was entered on behalf of the broker, Rose, but because we hold Rose breached his fiduciary duty to the Showalters and thus forfeited his right to a commission, we reverse the judgment.

Harry and Anita Showalter owned but wanted to sell the United Campground located in Boise. The Showalters contacted Rose in the summer of 1980 to list the property with his agency. The parties entered into three successive listing agreements. The third was signed on November 27, 1980, and provided for a one-year listing period. The Showalters agreed to pay Rose a selling commission if he or anyone else sold, traded or "in any way disposed of the property within the time specified. . . ." Rose presented offers from two buyers to the Showalters while the listing was in effect. The first, submitted during the summer of 1980, was rejected as being too low. The second, the Johnson offer, was accepted by the Showalters on April 1, 1981. The Johnson offer was significantly lower than the earlier offer. However, because the Showalters were facing foreclosure of a mortgage against their interest in the subject property during the spring of 1981, the Showalters were anxious to sell and they accepted the Johnson offer. Closing was set for April 15, 1981. When the designated date passed and no closing occurred, and nothing was heard from the Johnsons, the Showalters contacted another real estate agent who had presented an offer while they were considering the Johnson offer. That agent, Kelly Breen, was unable to resurrect the previous offer, but did subsequently present an offer from Richard and Barbara Heaton. The Showalters agreed to sell the property to the Heatons and the transaction closed in May, 1981. At the closing, the entire selling commission was paid to Breen's broker, Sunrise Realty.

Basing his claim on the listing agreement, Rose filed suit against the Showalters to recover a selling commission. Rose initially sought the entire commission, but reduced his claim during the trial to comport with evidence indicating that a selling commission is generally split equally between the selling broker and the listing broker. Following a bench trial, a judgment was entered against the Showalters. The judgment included an amount equivalent to one-half of the commission paid to Breen, and an award for attorney fees pursuant to a provision in the listing agreement. Although the Showalters raise numerous issues on appeal, we find their claim that Rose forfeited his right to a commission dispositive and therefore decline to discuss the other issues.

■■ "The law imposes upon a real estate broker a fiduciary obligation comprised of utmost good faith, integrity, honesty, and loyalty as well as a duty of due care and diligence." *Perkins v. Thorpe*, 106 Idaho 138, 141, 676 P.2d 52, 55 (Ct.App. 1984) *citing* Romero, *Theories of Real Estate Broker Liability: Arizona's Emerging Malpractice Doctrine*, 20 ARIZ.L. REV. 767, 769 (1978). Breach of the fiduciary duty may result in the broker's loss of a commission. *Id.; McShane v. Quillin*, 47 Idaho 542, 277 P. 554 (1929). The only reference in the trial court's memorandum decision to Rose's alleged breach of fiduciary duty was a statement that "the defendants were not really satisfied with the manner in which Rose handled their listing, but did not prove to the satisfaction of this court that he improperly or unethically did so or violated his fiduciary duties."[1] A

---

1. The trial court's statement indicates that the burden of proving violation of fiduciary duties rests with the property owner, not the broker.

The burden of proof issue was not raised on appeal in this case. We note, however, authority for the proposition that, whenever a defense

conclusion of law—here, that Rose did not breach his fiduciary duty to the Showalters—must result from appropriate findings of fact that are, in turn, supported by competent and substantial evidence. Although the district court made no findings regarding Rose's conduct, we need not remand for specific findings because the record in this regard is clear and undisputed. *See Pope v. Intermountain Gas Co.,* 103 Idaho 217, 646 P.2d 988 (1982). We believe the facts as revealed by the evidence support only one conclusion of law—Rose breached his fiduciary duty and thereby forfeited his right to a commission.

■ Of the obligations imposed by the fiduciary duty, loyalty is the chief virtue required of a broker. *Wegg v. Henry Broderick, Inc.,* 16 Wash.App. 589, 557 P.2d 861 (1976). A distinct absence of good faith and loyalty by Rose, and instances of self-dealing, emerge from the record. Pursuant to the Showalters' request, the first and second listing agreements each provided for a four-month listing period. The third listing agreement prepared by Rose provided for a one-year term. Rose encouraged the Showalters, who reasonably expected the listing agreement to provide a four-month period, to sign without reading the agreement. Rose unilaterally decided on the extended one-year term and failed to inform the Showalters of this material change in the third listing agreement.[2] The fiduciary relationship obligated Rose to mention and explain any undisclosed change in the terms of the listing agreement. *See Prall v. Gooden,* 226 Or. 554, 360 P.2d 759 (1961) (the broker must make a full, fair and understandable explanation

to the client before having him sign any contracts, particularly when those contracts are with the broker himself).

Rose's conduct surrounding the Johnson offer also adds to the breach of duty Rose owed the Showalters. The Showalters were considering the Johnson and the first offer presented by Breen at the same time. Rose encouraged them to accept the Johnson offer, which they did, and then Rose made no effort to see that the transaction closed. The Showalters did not hear from Rose until after the closing date passed. The record also indicates Rose, a long. time acquaintance of the Johnsons, used his knowledge of the Showalters' pressing financial condition to encourage a low offer.[3] Rose did not reveal his relationship with the Johnsons or that the Johnsons were willing to give him a proprietary interest in the property as payment of the selling commission. Nor did Rose make any effort to cooperate with Breen or his broker. Breen's phone calls were not returned and Rose failed to appear when Breen presented the first offer his office received. After the Johnson offer fell through, Rose not only failed to cooperate with the Heaton transaction, but attempted to prevent its closing.

■ Another breach of the agent's duty to his principal occurred in connection with the Johnson offer. Rose hired an engineering firm to resurvey the property, to review the adequacy of the sewer system, and to determine the feasibility of altering the property to accommodate a greater number of permanently placed mobile homes. When the Showalters discovered

of breach of fiduciary duty is raised, the *broker* has the burden to prove compliance with fiduciary obligations in order to collect his commission. *See e.g., Lindland v. United Business Investments,* 69 Or.App. 151, 684 P.2d 614 (1984) and cases cited therein at 616. Because the record clearly demonstrates a breach of fiduciary duties in this case, we need not decide, and do not decide, whether the district court erred by placing the burden on the sellers to prove breach of fiduciary duties.

2. We recognized in a recent case involving a real estate broker suing for a commission, *Jones*

*v. Maestas,* 108 Idaho 69, 696 P.2d 920 (Ct.App., 1985), a rule of contract law stating that failure to read a contract fully will not excuse performance. We expressly did not consider in that case whether the broker's failure to make clear to the seller that the listing agreement was exclusive constituted a breach of a fiduciary duty.

3. The list price of the property was $500,000 and there is reference in the record to a $475,-000 appraisal. The Johnson offer was for $198,-782.

the work being done, Rose assured them it would not be billed to them. However, over their objection, the Johnson offer did obligate the Showalters to pay the engineering firm at the closing. When the Johnson transaction did not close, and no one else paid the bill, the engineering firm sued the Showalters for payment. In short, Rose acted beyond the authority granted him in the agency relationship to further the interest of a prospective purchaser and, instead of shielding his principals from the expense created thereby, he actively sought payment from them in the Johnson and Heaton transactions.[4] Such conduct is not contemplated by the duty a broker owes his principal.

In assessing the broker's performance of his fiduciary duty, it is appropriate to consider the education and understanding of the principal. *See Mallory v. Watt,* 100 Idaho 119, 594 P.2d 629 (1979); *Prall v. Gooden, supra.* The record indicates the Showalters received no formal education past high school, and were elderly and unlearned in real estate matters. They trusted Rose and heavily relied upon his experience and training. The pattern of conduct evidenced in the record falls far short of the good faith execution of duties expected of a fiduciary. Accordingly, we hold, as a matter of law, that Rose forfeited his right to a commission.

The Showalters seek attorney fees on appeal. As the successful party, they are entitled to an award of attorney fees pursuant to a provision in the listing agreement.

The judgment is reversed. Costs and attorney fees to appellants, Harry and Anita Showalter.

SWANSTROM, J., concurs.

BURNETT, Judge, dissenting in part.

I agree with the majority that the district court did not adequately address the issue of fiduciary duty. However, I respectfully decline to join in today's opinion because it engages in excessive appellate fact-finding. I am not persuaded that the material facts are entirely undisputed or that there is but a single set of permissible inferences to be drawn from the evidence. In my view the better course on appeal would be to vacate the judgment below, to articulate the legal standards governing fiduciary relationships between realtors and their clients, and to remand this case for proper application of those standards in the trial court.

**4.** Rose claims to have authorization from the listing agreement to hire a resurvey of the property. The listing agreement provides that the owner "will provide good and marketable title to said real property." Rose argues this authorized him to order a resurvey to provide a legal description. The owner's obligation to convey marketable title obviously does not by itself create an authorization in the broker to order a survey and engineering work for the property. We only note the record indicates that the work done was much more than necessary to provide a legal description and that an acceptable legal description was already available without the need for a resurvey.