**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41483**

| | | |
|---|---|---|
| **HEATHER G. BROWN,** | ) | **2014 Opinion No. 92** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 31, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL L. BROWN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge; Hon. Scott L. Wayman, Magistrate.

Judgment dismissing appeal, vacated, and case remanded.

Madsen Law Offices, P.C.; Henry D. Madsen, Coeur d'Alene, for appellant.

Amendola Doty & Brumley, PLLC; Jennifer K. Brumley, Coeur d'Alene, for respondent.

_____

GUTIERREZ, Chief Judge

Michael L. Brown appeals from the judgment of the district court dismissing his appeal as untimely. For the reasons that follow, we vacate and remand.

**I.**

**FACTS AND PROCEDURE**

This appeal arises out of a divorce proceeding begun by Heather G. Brown (Heather) against Michael. On June 13, 2013, a magistrate signed a divorce decree, and the clerk of the district court file stamped the decree on June 14. On June 28, the clerk faxed the decree to Heather's attorney and to a number that was printed next to Michael's attorney's name on the certificate of service. However, according to an affidavit from Michael's attorney, the attorney did not receive the faxed copy of the decree that was sent on June 28. The facsimile number printed on the certificate of service, which was part of the divorce decree prepared by Heather's attorney, was not the same facsimile number printed on Michael's attorney's notice of

1

appearance. Moreover, the certificate of service does not indicate that the court clerk mailed a copy of the decree to either party. Michael's attorney first learned of the decree on July 23, during a telephone conversation with Heather. Heather then emailed a copy of the decree to Michael's attorney around 5:30 p.m. that day, but the attorney did not receive the email until the next afternoon, forty days after the decree was entered. On July 24, the attorney's legal assistant obtained a copy of the decree from the courthouse. Additionally, the certificate of service that accompanied the decree in the record contains a handwritten notation that the decree was refaxed on July 24 to the correct facsimile number that was originally listed on Michael's attorney's notice of appearance.

On July 26, Michael's attorney faxed a notice of appeal to the district court at 5:08 p.m. The clerk of the district court file stamped the notice of appeal on July 29, the next business day. Michael then filed an amended notice of appeal, and Heather filed a motion to dismiss, contending that the notice of appeal was not timely filed. Michael responded to Heather's motion and included an affidavit from Michael's attorney and the attorney's legal assistant.[1] The district court dismissed the appeal as untimely. Michael appeals.

## II.

## ANALYSIS

Michael raises three issues on appeal; first, whether the district court erred by dismissing his appeal as untimely; second, whether Idaho Rule of Civil Procedure 77(d) extended the time in which Michael had to file his appeal; and third, whether Michael is entitled to attorney fees and costs on appeal. Heather also seeks attorney fees and costs on appeal. We begin by addressing Michael's first and second issues together.

### A.     Timeliness of Michael's Appeal

A divorce decree issued by a magistrate in accord with I.R.C.P. 54(a) is a final judgment. Under I.R.C.P. 83(a), a party may appeal to the district court from a final judgment issued by a

---

[1]     The affidavit from Michael's attorney explains his busy workload during the timeframe from when he learned of the file-stamped decree and when the notice of appeal would have been due. Michael's attorney also details that Michael lives out of state, is disabled, and at times has difficulty understanding the legal process. The attorney's legal assistant describes the steps he took in readying the appeal, including obtaining a copy of the divorce decree, preparing a notice of appeal, telephoning the clerk of the district court to determine the fees for transcripts, and attempting to contact Michael.

magistrate. The appeal must be filed within forty-two days after the entry of the judgment. I.R.C.P. 83(e); *see also* I.R.C.P. 6(a) (defining how time is computed). A judgment is entered once it is has been file stamped by the clerk of the district court. I.R.C.P. 58(a); *State v. Ciccone*, 150 Idaho 305, 306-07, 246 P.3d 958, 959-60 (2010). An appeal is commenced by filing a notice of appeal with the district court, I.R.C.P. 83(e), and the notice may be filed by facsimile, *see* I.R.C.P. 5(e). Facsimile filings may be made to the court only during the normal working hours of the clerk and only if there is a facsimile machine in the office of the filing clerk of the court. I.R.C.P. 5(e)(2). "The failure to physically file a notice of appeal or notice of cross-appeal with the district court within the time limits prescribed by these rules shall be jurisdictional and shall cause automatic dismissal of such appeal upon motion of any party, or upon initiative of the district court." I.R.C.P. 83(s).

The forty-two-day time period to file an appeal may be tolled under certain conditions. Idaho Rule of Civil Procedure 77(d) requires the clerk of the district court to serve a copy of the judgment on the parties by mailing or delivering to the attorney of record of each party immediately upon the entry of an order or judgment. The rule generally provides that the lack of notice of entry of the judgment does not affect the time to appeal:

> Lack of notice of entry of an order or judgment does not affect the time to appeal or to file a post-judgment motion, or relieve or authorize the court to relieve a party for failure to appeal or file a post-trial motion within the time allowed, except where there is no showing of mailing by the clerk in the court records and the party affected thereby had no actual notice.

I.R.C.P. 77(d). Therefore, if the clerk fails to comply with the procedure in Rule 77(d) before the time for filing an appeal expires, and a party does not receive actual notice of entry of the judgment before the time for filing an appeal expires, the time to file an appeal runs from the date the party seeking to appeal receives actual notice. *Dustin v. Beckstrand*, 103 Idaho 780, 786, 654 P.2d 368, 374 (1982); *Cline v. Roemer*, 97 Idaho 666, 668, 551 P.2d 621, 623 (1976); *Herrett v. Herrett*, 105 Idaho 358, 360, 670 P.2d 63, 65 (Ct. App. 1983). The Idaho Supreme Court has determined that actual notice of the entry of judgment--that is, actual notice of the placement of the clerk's filing stamp on the judgment--approximately two weeks prior to the

3

time to file an appeal expires would render a late-filed appeal untimely.[2] *See Thompson v. Pike*, 122 Idaho 690, 695, 838 P.2d 293, 298 (1992) ("If Thompson had actual notice of the placement of the clerk's filing stamp on the summary judgment order more than fourteen days prior to the filing of the motion to alter or amend the judgment, the motion would have been untimely."); *see also Tanner v. Estate of Cobb*, 101 Idaho 444, 445, 614 P.2d 984, 985 (1980) ("We conclude that although there is no showing in the court records of a mailing of notice of entry of judgment, where appellants' counsel had actual notice of entry of judgment thirteen days prior to expiration of the time for filing an appeal, appellants' notice of appeal filed forty-four days after the entry of judgment was not timely.").

The issue of whether a district court erred by dismissing an appeal as untimely (and thus for lack of subject matter jurisdiction) is a question of law, over which we exercise free review. *See Chapple v. Madison Cnty. Officials*, 132 Idaho 76, 78, 967 P.2d 278, 280 (1998) ("The issue of whether a district court has subject matter jurisdiction is a question of law, over which we exercise free review."); *cf. Herrett*, 105 Idaho at 359, 670 P.2d at 64 (addressing sua sponte the timeliness of the filing of the notice of appeal).

In this case, the magistrate's divorce decree qualifies as a final judgment under Rule 54(a), and it is thus appealable under Rule 83. The forty-two-day time period to file an appeal is computed from the date the judgment was file stamped, *Ciccone*, 150 Idaho at 307, 246 P.3d at 960, excluding the day that the judgment was file stamped from the time computation, I.R.C.P. 6(a). Therefore, the normal deadline to file a notice of appeal was Friday, July 26, 2013. Here, Michael faxed a notice of appeal to the district court on July 26, but the fax was not received until 5:08 p.m. This was after the normal working hours of the clerk.[3] Because the fax

---

[2] The Idaho Supreme Court previously used the phrase "actual knowledge of the judgment" during its discussion of Idaho Rule of Civil Procedure 77(d), *Cline v. Roemer*, 97 Idaho 666, 668, 551 P.2d 621, 623 (1976), but the Idaho Supreme Court has since clarified that it is actual knowledge of the *entry* of the judgment that constitutes actual notice, *Thompson v. Pike*, 122 Idaho 690, 695, 838 P.2d 293, 298 (1992).

[3] Michael does not challenge the fact that the clerk of the district court file stamped the notice of appeal on Monday, July 29, 2013. We also take judicial notice, as permitted under Idaho Rule of Evidence 201, of the fact that the office hours for the district court of the First Judicial District in Kootenai County are "Monday - Friday 9:00 a.m. to 5:00 p.m." FIRST JUDICIAL DISTRICT, http://www.co.kootenai.id.us/departments/districtcourt/ (last visited

was not received during the normal working hours of clerk, I.R.C.P. 5(e), the notice of appeal was not timely filed.

Although the notice of appeal was untimely under I.R.C.P. 83(e), Michael claims that Rule 77(d) should apply to this case. Even though Heather informed Michael's attorney of the decree on July 23, for our analysis we consider that Michael had actual notice of the entry of the decree when he received the emailed decree from Heather on July 24, the same day he received formal notice from the clerk of the district court.[4] *See, e.g.*, *Dustin*, 103 Idaho at 786, 654 P.2d at 374 (holding that the *receipt* of a writ of execution that specifically set forth the case and the amount of damages awarded was "sufficient notice to constitute 'actual notice.'"). Neither this Court nor the Idaho Supreme Court has addressed a situation analogous to this in which Michael had but two days to file an appeal. The closest scenario we have addressed was in *Herrett*, an appeal in which the appellant had actual notice ten days before the time to appeal expired. *Herrett*, 105 Idaho at 361, 670 P.2d at 66. In that case, we explained that the Idaho Supreme Court's ruling in *Tanner* was based on the conclusion "that the appellant had sufficient notice to file his appeal before the original period expired and therefore it was not necessary to toll the period, even though the clerk did not give notice." *Herrett*, 105 Idaho at 360, 670 P.2d at 65. Citing to *Tanner*, we held in *Herrett* that the appellant still had sufficient notice to file an appeal: "Because appellant received actual notice through his counsel, while the original period was still running and while *opportunity to file an appeal still existed*, we hold that the time for appeal began to run from entry of judgment and expired irrevocably on May 10." *Herrett*, 105 Idaho at 361, 670 P.2d at 66 (emphasis added).

Consistent with our analysis and discussion in *Herrett*, we are persuaded that district courts, when considering whether to apply Rule 77(d) tolling for an appeal from the magistrate

---

September 25, 2014). Accordingly, a fax received after 5:00 p.m. would not be received during the normal working hours.

[4] We note that we would reach the same result in this case, even if we considered that Michael had actual notice of the entry of the decree on July 23. We also note that under Idaho Supreme Court precedent, if formal notice had not been served on Michael, and Heather had not given actual notice to Michael's attorney until after the clerk's normal working hours on Friday, July 26, 2013, the time for filing an appeal would run anew from the day Michael received actual notice.

division, should examine whether the party that filed the late appeal had reasonably sufficient notice (time) to file a notice of appeal and whether the party filed the late notice of appeal within a reasonable time after the time to file an appeal under I.R.C.P. 83(e) had expired. This is not a mechanistic function, as the district court in this case may have believed; to be sure, actual notice of entry of judgment just one minute before the deadline would not fall outside the tolling of Rule 77(d). Rather, the district courts should consider the burdens placed on the party filing an appeal. Idaho Rule of Civil Procedure 83(f)[5] dictates what a notice of appeal from the magistrate division to the district court must contain:

(1) The title of the court from which the appeal is taken.
(2) The title of the court to which the appeal is taken.
(3) The date and heading of the judgment or decision from which the appeal is taken.
(4) A statement as to whether the appeal is taken upon matters of law, or upon matters of fact, or both.
(5) A statement as to whether the testimony and proceedings of the original trial or hearing were recorded or reported, together with an identification of the method of recording or reporting and the name of the party or person in whose possession such recording or reporting is located.
(6) A statement of the issues on appeal which the appellant then intends to assert in the appeal; provided, such statement may be filed separately within fourteen (14) days after the filing of the notice of appeal and any such list of issues on appeal shall not prevent the appellant from asserting other issues on appeal thereafter discovered by the appellant.

In addition, the Idaho Rules of Professional Conduct, namely Rule 1.4 pertaining to communication between the lawyer and client, are also at play in preparing an appeal.

Although the district court did not decide whether Michael had sufficient notice to file a notice of appeal, we need not remand the case for specific findings because the record in this case is clear and undisputed. *Rose v. Showalter*, 108 Idaho 631, 633, 701 P.2d 251, 253 (Ct. App. 1985) (citing *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982)). In his affidavit before the district court, Michael's attorney stated that Heather informed him of the decree and emailed a copy of the divorce decree to him after 5:00 p.m. on July 23, although he did not receive and reply to the email until the afternoon of July 24. Thus, Michael had actual

---

[5] The notice of appeal filed by Michael's attorney appears to conform to the requirements listed in Idaho Appellate Rule 17. Idaho Appellate Rule 17 is more onerous than I.R.C.P. 83(f), but I.A.R. 17 only applies to appeals to the Idaho Supreme Court, I.A.R. 2(a).

notice of the entry of the decree on the fortieth day and this left Michael's attorney two days to prepare a notice of appeal and satisfy the rules of professional conduct. In this two-day span, Michael's attorney would have had to inform Michael of the final divorce decree, I.R.P.C. 1.4(a)(3); supply a copy of the final divorce decree to Michael, if requested, I.R.P.C. 1.4(a)(4); consult with Michael about filing an appeal, I.R.P.C. 1.4(a)(2); and secure Michael's consent to file an appeal, I.R.P.C. 1.4(a)(1). Likely before obtaining Michael's consent to file an appeal, Michael's attorney would have had to determine the estimated costs of pursuing the appeal, including transcript fees and other fees paid to the court. If Michael consented to filing a notice of appeal, Michael's attorney would have had to prepare the notice of appeal, in conformity with I.R.C.P. 83(f).

Michael's attorney and his legal assistant also detailed facts in their respective affidavits that are relevant to our analysis. Michael's attorney initially noted that Michael lives out of state, is disabled, and at times has difficulty understanding the legal process; thus Michael's attorney stated that he had to spend more time with Michael than with other clients. The legal assistant attempted to contact Michael at least twice, leaving at least one voicemail message, but Michael did not return the assistant's phone calls. The attorney also attempted to contact Michael after learning of the decree, but like the legal assistant, the attorney was unable to contact Michael and left voicemails asking Michael to call the attorney's office. Michael's attorney also explained his other obligations during the time period, including billing thirty-three hours between July 23 and July 26 and attending a pretrial conference for another case at 3:00 p.m. on July 26.

Having considered all of the requirements imposed upon an attorney by the Idaho Rules of Professional Conduct and the Idaho Rules of Civil Procedure, and taking into account the special difficulties that the attorney encountered in his effort to communicate with Michael and due to the attorney's other obligations, we conclude that Michael's attorney did not have sufficient notice (time) to file a notice of appeal within the Rule 83(f) deadline. In addition, Michael's attorney faxed the notice of appeal a mere eight minutes late and the notice was recorded on the next business day. Thus, Michael's attorney filed the notice of appeal within a

reasonable time after the original time to appeal expired. For these reasons, we determine Rule 77(d) tolling applies to Michael's filing of the notice of appeal.[6]

**B.     Attorney Fees on Appeal**

Both Michael and Heather argue for attorney fees on appeal, citing Idaho Code § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Although Michael prevailed on appeal, we are not persuaded that Heather defended this appeal frivolously, unreasonably, or without foundation. Michael's appeal raised a valid question of whether actual notice two days before the time to file an appeal ran would be sufficient to permit an attorney to file an appeal. The previous cases analyzed by Idaho appellate courts focused on situations where the attorney had actual notice thirteen days and ten days before the time to file an appeal expired. *Tanner*, 101 Idaho at 445, 614 P.2d at 985 (thirteen days); *Herrett*, 105 Idaho at 361, 670 P.2d at 66 (ten days). Thus, this case presented an issue of a different magnitude than the situations in *Tanner* and *Herrett*. Hence, we do not award attorney fees on appeal. However, costs on appeal are awarded to Michael because he is the prevailing party. I.A.R. 40(a).

**III.**

**CONCLUSION**

We conclude that Rule 77(d) tolling applies to this case because Michael's attorney lacked sufficient notice to file an appeal within the time limits specified in Rule 83(e). Thus, the district court erred when it dismissed the appeal as untimely. The district court's judgment

---

[6]     Although neither party raises this issue, we note that there may be due process considerations at play. Here, the rules provide for a forty-two-day time period to file an appeal following the entry of judgment and require the clerk of the district court to immediately serve a copy of the judgment on the parties. Yet, in this case, even though the divorce decree was file stamped the day after the decree was signed, the clerk did not attempt to fax the decree until two weeks later, and Michael did not have actual notice until the fortieth day. The court clerk never did comply with the Rule 77(d) requirement that a copy of the decree be served on Michael's attorney by mailing or by delivery. In addition, although Michael did not assert estoppel or quasi estoppel, we note that these doctrines may apply because the divorce decree, which listed the incorrect facsimile number for Michael's attorney, was prepared by Heather's attorney.

8

dismissing the appeal as untimely is vacated, and the case is remanded for proceedings consistent with this opinion. Costs, but not attorney fees, are awarded to Michael on appeal.

Judge LANSING and Judge GRATTON, **CONCUR**.