**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50722**

| | |
|---|---|
| AMANDA MARIE SECOLA, | ) |
| | ) **Filed: August 12, 2024** |
| Petitioner-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEFFREY ADAM SECOLA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Susan Clark, Magistrate.

Order of the district court, following intermediate appeal from the magistrate division, dismissing appeal, <u>reversed</u> <u>and</u> <u>remanded</u>,

Lackey Law Group; Quentin W. Lackey, Nampa, for appellant.

Amanda Marie Secola, Emmett, pro se respondent.

_____

LORELLO, Judge

Jeffrey Adam Secola appeals from the order of the district court, on appeal from the magistrate court, dismissing his intermediate appeal. We reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The magistrate court entered a decree of divorce in 2018, at which time the parties stipulated to joint legal and physical custody of their minor child. A petition to modify the divorce decree was later filed and a trial was held on the petition. On October 12, 2022, the magistrate court entered judgment for modification of custody, visitation, and child support. On October 27, 2022,[1] Jeffrey moved for a new trial or, alternatively, reconsideration of the judgment. The

---

[1]     Although the file stamp by the clerk's office indicates that the motion was filed on October 27, 2022, the filing date is at issue in this appeal.

1

magistrate court denied the motion on December 9, 2022, because it had not been filed within fourteen days after the entry of judgment. On December 22, 2022, Jeffrey filed a motion for reconsideration and a declaration in support of the motion in which he contended that the court clerk made a mistake by rejecting his motion for new trial or reconsideration, that any error was corrected within three days, and that the filing should have been backdated to October 26, 2022. On January 19, 2023, the magistrate court entered an amended order in which it considered Jeffrey's motion for new trial or reconsideration as having been filed on October 26, 2022, and denied the motion. On February 19, 2023, Jeffrey filed a notice of appeal to the district court from the judgment entered October 12, 2022. The district court dismissed the appeal on February 22, 2023, based on a lack of jurisdiction due to an untimely notice of appeal. Jeffrey appeals.

## II.

## ANALYSIS

Jeffrey contends that the district court erred in dismissing his appeal for lack of jurisdiction based on an untimely notice of appeal. Specifically, Jeffrey asserts that the court clerk's office made a "processing error" by rejecting his motion to reconsider and then failing to provide him an opportunity to correct the rejection and backdating the filing. Jeffrey argues that, absent the processing error, his notice of appeal was timely. Amanda Marie Secola responds that, although Jeffrey's motion was "potentially mistakenly" denied without a hearing due to timeliness, any such mistake was "rectified" by the district court "ordering a hearing for January 17[th], 2023[,] to hear the Motion and Declaration for Reconsideration filed on December 22, 2022, allowing [Jeffrey] the fair and timely right to an appeal." We hold that the appeal was timely filed from the date of the amended order denying the motion for new trial.

Whether the district court properly dismissed Jeffrey's appeal for lack of jurisdiction due to being untimely is a question of law over which this Court exercises free review. *See Brown v. Brown*, 157 Idaho 522, 525, 337 P.3d 681, 684 (Ct. App. 2014). Idaho Rule of Civil Procedure 83 sets forth the scope of appeals from decisions of the magistrate court to the district court. Idaho Rule of Civil Procedure 83(b) provides that the appeal must be filed within forty-two days after entry of the judgment or order. However, a motion for a new trial terminates the time to file an appeal and the time instead begins to run from the date file-stamped by the clerk of the court on the order granting or denying the motion. I.R.C.P. 83(b)(1)(B)(iv). A motion for a new trial must

be filed and served within fourteen days after the entry of the judgment. I.R.F.L.P. 804(b). A motion to reconsider an order entered on any motion under I.R.F.L.P. 804 is not permitted. I.R.F.L.P. 503(b)(2). The failure to timely file a notice of appeal is jurisdictional and the appeal must be automatically dismissed, either upon motion of a party or sua sponte action by the district court. I.R.C.P. 83(m).

The district court held that Jeffrey had forty-two days to appeal from the magistrate court's December 9, 2022, order denying his motion for a new trial, but that he failed to do so and instead moved for reconsideration. The district court further held that, because a motion to reconsider is not a permissible means of seeking review of an order denying a new trial, Jeffrey's motion to reconsider, filed on December 22, 2022, which was denied following a hearing on January 19, 2023, did not toll the time to appeal.

The magistrate court's order denying Jeffrey's motion for a new trial on January 19, 2023, was an amended order that referenced the original motion for new trial Jeffrey filed; amended the filing date of that motion from October 27, 2022, to October 26, 2022; and then dismissed the motion on its merits. Because the magistrate court's January 19, 2023, order amended the previous order entered on December 9, 2022, the timeline for filing the notice of appeal began to run from the date file-stamped on the amended order. Accordingly, the district court erred in dismissing Jeffrey's appeal for lack of jurisdiction due to untimely filing because the February 19, 2023, notice of appeal was filed within the forty-two-day timeline.

## IV.

## CONCLUSION

The district court erred in dismissing Jeffrey's appeal for lack of jurisdiction based on the untimely filing of the notice of appeal because the notice of appeal was filed within forty-two days of the date file-stamped on the amended order dismissing his motion for a new trial. Accordingly, we reverse the district court's order dismissing Jeffrey's appeal and remand for further proceedings. Costs on appeal are awarded to Jeffrey.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.