644 P.2d 370

The STATE of Idaho,
Plaintiff-Respondent,

v.

Danny Dean ROLLINS,
Defendant-Appellant.

No. 13383.

Court of Appeals of Idaho.

April 13, 1982.

Wayne L. Loveless, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Danny Rollins was tried before a jury in district court for the offense of robbery. On May 4, 1979, a verdict of guilty was rendered. On June 15, 1979, Rollins filed a notice of appeal "from the verdict of the jury." On July 20, 1979, he appeared in court and was sentenced. A judgment of conviction dated July 20, 1979, was filed by the clerk of the court on July 26, 1979. No new or amended notice of appeal was filed thereafter by Rollins.

■ At the time of oral argument on appeal in this matter, query was raised concerning the jurisdiction of the court to hear an appeal from a "verdict." Because the question of jurisdiction is fundamental, it must not be ignored when brought to our attention, and should be addressed before considering the merits of the substantive appeal. *State v. Tinno*, 94 Idaho 759, 497 P.2d 1386 (1972).

Appeals from the district courts in Idaho are governed by constitutional, statutory, and judicial rules. The state legislature, pursuant to sections 9 and 13 of Article V of the Idaho Constitution, has enacted a statute relative to appeals in criminal cases. I.C. § 19-2801 provides as follows:

An appeal may be taken to the Supreme Court from the district court in a

criminal action by such parties from such judgments and orders of the district court, and within such times and in such manner as provided by Rule of the Supreme Court.

Under this grant of authority, the Supreme Court has adopted the Idaho Appellate Rules. I.A.R. 14 provides that:

> Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action.

I.A.R. 11(c) specifies the matters which may be appealed in criminal actions. That rule states:

> (c) Criminal Proceedings. From the following judgments and orders of the district court in a criminal action, whether or not the trial court retains jurisdiction:
>
> (1) Final judgments of conviction including decisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding.
>
> (2) An order granting or denying a withheld judgment on a verdict or plea of guilty.
>
> (3) An order granting a motion to dismiss an information or complaint.
>
> (4) An order granting a motion to suppress evidence.
>
> (5) An order granting or denying a motion for new trial.
>
> (6) Any order made after judgment affecting the substantial rights of the defendant or the state.

▮ A "verdict of the jury" is not included in the above listed appealable matters. It is also clear that a verdict of the jury is not otherwise a judgment, order or decree of the district court from which an appeal can be taken. A verdict, as such, is not appealable; only a judgment rendered on the verdict is appealable. 4 Am.Jur.2d Appeal & Error § 77, pg. 592 (1962). A verdict is not the final action which occurs in litigation; in fact, verdicts can be set aside for many reasons, before a final judgment, order or decree is entered.

I.A.R. 17 sets forth the required contents of a notice of appeal. It recites:

> A notice of appeal shall contain substantially the following information:
>
> \* \* \* \* \* \*
>
> (e) Designation of Appeal. A designation of the judgment, order or decree appealed from. An appeal from a final judgment or order shall be deemed to include, and present on appeal, all interlocutory judgments, orders and decrees in the action or proceeding, including all orders, judgments and decrees entered after the filing of the notice of appeal.

That rule further provides, in subsection (j):

> (j) Amended Notice of Appeal. In the event the original notice of appeal erroneously states any of the information and requirements of this rule or additional facts arise after the filing of the initial notice of appeal, the appellant may thereafter within 28 days of filing the notice of appeal, file an amended notice of appeal correctly setting forth the facts and information.

▮ The notice of appeal filed by Rollins does not purport to appeal from a final judgment or order entered in the district court; nor could it do so, because it was filed prior to the entry of the judgment of conviction. Rollins could have invoked jurisdiction on appeal by timely filing an amended notice of appeal following entry of the judgment of conviction. This was not done.

We are bound by the appellate rules promulgated by the Supreme Court, in determining matters assigned to us on appeal. I.A.R. 101. For us to hold that Rollins' appeal complies with the rules and confers jurisdiction upon this court, would be an amendment of the appellate rules by allowing an appeal from a "verdict." We are not authorized to make such an amendment.

We hold that the notice of appeal herein confers no appellate jurisdiction.

Accordingly, the appeal is dismissed.

BURNETT and SWANSTROM, JJ., concur.