**418**

816 P.2d 975

**CITY OF PRESTON, a political subdivision of the state of Idaho, Plaintiff–Appellant,**

v.

**Tracy BAXTER and Sharon Baxter, Defendants–Respondents.**

No. 18987.

Supreme Court of Idaho, Twin Falls, March 1991 Term.

July 8, 1991.

City appealed from order of the Sixth Judicial District Court, Franklin County, Wallace M. Transtrum, J. The Supreme Court, Johnson, J., held that appeal was not timely.

Green, Service, Gasser & Kerl, Pocatello, for plaintiff-appellant. Ron Kerl argued.

A. Bruce Larson, Soda Springs, for defendants-respondents.

JOHNSON, Justice.

This case is before the Court on the sole issue of the timeliness of the appeal. The only question presented is whether the trial court's memorandum, decision and order included a specific direction as to the judgment to be entered. We hold that it did and dismiss the appeal as it relates to the memorandum, decision and order.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

In June 1990, this case was tried before the trial court without a jury. Following post-trial procedures, the trial court issued a "Memorandum, Decision and Order" on August 2, 1990. The trial court stated that the findings and conclusion contained in the memorandum, decision and order were "in lieu of separate findings of fact and conclusions of law." The trial court ended its memorandum, decision and order:

> IT IS THEREFORE ORDERED that plaintiffs take nothing by their complaint and the same is hereby dismissed.
>
> IT IS FURTHER ORDERED that defendants have their costs necessarily incurred in this action together with their attorneys fees reasonably incurred since July 18, 1989, in the defense of this case.
>
> DATED this *2nd* day of August, 1990.
>
> /s/ W.M. Transtrum
>
> WALLACE M. TRANSTRUM
> District Judge

On the day the district judge signed the memorandum, decision and order, copies were mailed to counsel for plaintiff (the City of Preston) and defendants (the Baxters).

On August 8, 1990, the clerk of Franklin County placed the clerk's filing stamp on the first page of the memorandum, decision and order indicating that it had been filed.

By an order signed by the trial court on October 15, 1990, and filed on October 16, 1990, the trial court ruled on the amount of costs and attorney fees awarded to the Baxters.

On October 16, 1990, the City of Preston moved for entry of judgment, stating:

> Plaintiff urges the Court to enter Judgment as required by Rule 58(a) I.R.C.P. upon the grounds and for the reasons that the Memorandum Decision and Order of August 2, 1990 did not contain a direction to the Clerk of the Court as to the Judgment to be entered as required by Rule 58(a) and the Memorandum Decision and Order of August 2,

1990 itself is not an appealable final judgment.

Plaintiff, therefore, moves the Court for the entry of a judgment as required by Rule 58(a) I.R.C.P.

On October 22, 1990, the City of Preston filed a notice of appeal with the clerk of the district court appealing from the memorandum, decision and order of August 8, 1990.

On November 16, 1990, the trial court entered an order denying the City of Preston's motion for entry of judgment.

The clerk of this Court entered an order on behalf of the Court stating that the notice of appeal would be treated as an appeal from the trial court's ruling on the amount of attorney fees and costs awarded to the Baxters but was not timely with respect to the memorandum, decision and order. At the request of the Court, the parties submitted briefs and presented oral argument on whether judgment was entered on August 8, 1990.

## II.

THE TRIAL COURT'S MEMORANDUM, DECISION AND ORDER INCLUDED A SPECIFIC DIRECTION AS TO THE JUDGMENT TO BE ENTERED. THE PLACING OF THE CLERK'S FILING STAMP ON THE MEMORANDUM, DECISION AND ORDER CONSTITUTED THE ENTRY OF JUDGMENT.

The City of Preston asserts that the trial court's memorandum, decision and order did not include a specific direction as to the judgment to be entered and, therefore, the placing of the clerk's filing stamp on it did not constitute the entry of judgment as contemplated by I.R.C.P. 58(a). We disagree.

The pertinent portion of I.R.C.P. 58(a) reads as follows:

When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by [the clerk] of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. If an opinion or memorandum is filed, it will be sufficient if a specific direction as to the judgment to be entered is included therein or appended thereto; and any such direction either for an immediate or for a delayed entry of judgment is controlling and shall be followed by the clerk. The placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry.

In *Hamblen v. Goff,* 90 Idaho 180, 409 P.2d 429 (1965), the Court considered whether findings of fact and conclusions of law the trial court entered after a court trial constituted an appealable order. The case was decided under I.R.C.P. 58 as it existed at that time. This prior version of the rule differed from the pertinent portions of the current I.R.C.P. 58(a) in that the entry of judgment was considered to be the deposit of the judgment as provided by I.R.C.P. 79(b) as it existed at that time. I.R.C.P. 58 (1958). Rule 79(b) (1958), required the clerk to keep a "judgment book" in which the clerk was required to make "a correct copy of every final judgment or appealable order."

In *Hamblen,* the findings of fact and conclusions of law were entered on October 2, 1964 and concluded: "Let Judgment be entered accordingly." 90 Idaho at 181, 409 P.2d at 429. A notice of appeal was filed on October 19, 1964. *Id.* Ironically, the question addressed by this Court was whether the appeal had been taken prematurely from a nonappealable order, depriving this Court of jurisdiction under the law as it then existed. The Court concluded that the findings and conclusions were not an appealable order and dismissed the appeal. In doing so, the Court said:

Appellant also urges that under IRCP rule 58, the opinion of the district judge or the findings of fact and conclusions of law were sufficient to constitute a judgment, and therefore appealable, and the appeal should be retained and determined on its merits. We cannot agree with this contention. Neither document purported

to be a judgment. The opinion contains only the reasoning of the trial judge, and the authorities considered in arriving at [the trial court's] decision. The findings and conclusions are only what they purport to be. They contain the conclusion of the court as to the judgment to be entered. They are not in form a judgment, and *contain no order for the execution of the judgment of lien foreclosure therein directed to be entered.* They did not constitute a final judgment appealable under I.C. § 13–201.

*Id.* at 182, 409 P.2d at 430 (emphasis added).

This statement reveals that the conclusion of the trial court in *Hamblen* was apparently for the foreclosure of a lien. This distinguishes *Hamblen* from this case. The trial court's findings and conclusions in *Hamblen* indicated relief other than "only money or costs or that all relief be denied." Under both the version of I.R.C.P. 58 considered in *Hamblen* and the present I.R.C.P. 58(a), the trial court would have been required to settle or approve the form of the judgment before judgment could have been entered.

In this case, the trial court directed that all relief be denied to the City of Preston and that the Baxters be awarded their costs and attorney fees. This constituted a specific direction as to the judgment to be entered pursuant to I.R.C.P. 58(a). The placing of the clerk's filing stamp on the judgment constituted the entry of the judgment.

## III.

## CONCLUSION.

The City of Preston did not file a notice of appeal within forty-two days after the entry of judgment by the clerk on August 8, 1990, as required by I.A.R. 14. Therefore, the appeal from the judgment was not timely as to the memorandum, decision and order.

We dismiss the appeal as to the memorandum, decision and order. The appeal may proceed as to the amount of costs and attorney fees awarded to the Baxters.

We award costs but not attorney fees to the Baxters on appeal.

BAKES, C.J., and BISTLINE, BOYLE and McDEVITT, JJ., concur.