838 P.2d 305

**Glen O. THOMPSON, Plaintiff–Appellant,**

v.

**Dona Adams PIKE and Anderson, Pike & Bush, Defendants–Respondents.**

No. 18853.

Court of Appeals of Idaho.

Aug. 1, 1991.

Ellis, Brown and Sheils, Chartered, Boise, for plaintiff-appellant. Allen B. Ellis, argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendants-respondents. Brent Roche, argued.

WALTERS, Chief Judge.

This is an appeal from an order dismissing an action filed by the plaintiff to recover damages allegedly caused by the defendants while acting as attorneys for the plaintiff in settling the plaintiff's claim against his former employer for wrongful discharge from employment. The plaintiff contends the district court should not have dismissed his claim and he also challenges the court's decision to award attorney fees to the defendants. We hold that we are without jurisdiction to review the dismissal order, due to untimeliness of the notice of appeal from that order, and we affirm the award of fees to the defendants.

The question of appellate jurisdiction in this case was raised by the defendants' motion to dismiss the appeal, filed after the plaintiff's opening brief on appeal and the defendants' brief in response thereto were submitted and the case had been assigned by the Supreme Court to this Court for disposition. Argument on the motion was presented at the hearing on the substantive issues on the appeal and the motion was taken under advisement. Because the question of jurisdiction is fundamental, it must not be ignored when brought to the appellate court's attention, and should be addressed prior to considering the merits of an appeal. *H & V Engineering, Inc. v. Idaho Board of Professional Engineers*, 113 Idaho 646, 747 P.2d 55 (1987); *State v. Rollins*, 103 Idaho 48, 644 P.2d 370 (Ct. App.1982). After due consideration, we conclude the defendants' motion to dismiss the appeal is well-taken, at least to the extent that this Court does not have juris-diction to review the district court's order dismissing the plaintiff's complaint.

Our analysis will be made in three parts corresponding to the positions asserted by the parties with respect to the defendants' motion to dismiss. First, we must determine whether the order of dismissal was a "final judgment" for the purpose of an appeal. Next, we must determine whether the failure of the clerk of the district court to transmit to the plaintiff a copy of the order, containing a filing stamp by the clerk, affected the time for appeal. Finally, we consider whether the plaintiff timely filed a motion which would have postponed the time for appeal. This analysis entails application of several procedural rules.

Rule 11(a)(1), I.A.R., provides that an appeal in a civil action may be taken from a "final judgment" entered by the district court. Also, pursuant to I.A.R. 14, such appeals "may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action." Rule 14 further provides that the time for an appeal "is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action (except motions under Rule 60 of the Idaho Rules of Civil Procedure or motions regarding costs or attorney fees), in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion." Another rule, I.R.C.P. 77(d), requires the clerk of the district court to mail copies of orders and judgments, containing the clerk's filing stamp, to the attorneys of record for the parties immediately upon entry of such orders or judgments. The rule also provides that "[l]ack of notice of entry of an order or judgment does not affect the time to appeal or to file a post-judgment motion, or relieve or authorize the court to relieve a party for failure to appeal or file a post-trial motion within the time allowed, except where there is no showing of mailing by

the clerk in the court records and the party affected thereby had no actual notice."

In the instant case, both parties had moved for summary judgment. The district court granted the relief requested by the defendants and ordered that the plaintiff's complaint be dismissed. The court concluded from the facts presented in the cause (including admissions by the plaintiff) that the plaintiff had authorized the defendant-attorneys to settle his claim for wrongful discharge from employment and also that the action was time-barred under the applicable statute of limitation. After making detailed findings and conclusions, the court's opinion contains the following dispositive recitation:

### V.

### ORDER GRANTING SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT

IT IS HEREBY ORDERED that the Defendants' Motion for Summary Judgment dismissing Plaintiff's Complaint shall be and the same is hereby granted and the Plaintiff's Complaint is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Partial Summary Judgment shall be and is hereby denied.

DATED THIS 15th day of March, 1990.

/s/ Grant L. Young

Grant L. Young, District Judge

 The first inquiry, with which we are faced, is whether this order is a "final judgment" from which an appeal can be taken, thus triggering the 42–day period provided for in I.A.R. 14. We conclude that it is. Our Supreme Court has noted that whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title; thus if the instrument ends the suit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties, the instrument constitutes a final judgment for the purpose of appeal regardless of the title designated on the instrument. *Idah–Best,*

*Inc. v. First Security Bank of Idaho, N.A.,* 99 Idaho 517, 519 584 P.2d 1242, 1244 (1978). *See also Equal Water Rights Association v. City of Coeur d'Alene,* 110 Idaho 247, 715 P.2d 917 (1985).

More recently, the Supreme Court reviewed—for the purpose of determining its appealability—a memorandum decision and order entered in another case, which order was worded virtually identical to the one in this case. In *City of Preston v. Baxter,* 120 Idaho 418, 816 P.2d 975 (1991), the order of dismissal recited:

IT IS THEREFORE ORDERED that plaintiffs take nothing by their complaint and the same is hereby dismissed.

IT IS FURTHER ORDERED that defendants have their costs necessarily incurred in this action together with their attorney fees reasonably incurred since July 18, 1989, in the defense of this case. [Dated and signed.]

The opinion in *Baxter* discloses that, on the day the district judge signed the memorandum decision and order, copies were mailed to counsel for the parties and, six days later, the clerk of the district court placed the clerk's filing stamp on the first page of the document indicating that it had been filed. Approximately two months later, the district court entered another order specifying the amounts awarded to the defendants for attorney fees and costs. When the plaintiff then requested the district court to enter a "judgment" covering both the dismissal of the plaintiff's complaint and the costs and fees award, the district court refused to do so. The case was then appealed and the Supreme Court was asked to rule on whether the district court's memorandum decision and order of dismissal was itself appealable. The Court held that the order constituted a judgment for the purpose of an appeal and that the appeal was untimely with respect to that order. The Court said:

In this case, the trial court directed that all relief be denied to the City of Preston and that the Baxters be awarded their costs and attorney fees. This constituted a specific direction as to the judgment to be entered pursuant to I.R.C.P. 58(a).

The placing of the clerk's filing stamp on the judgment constituted the entry of the judgment.

. . . . .

The City of Preston did not file a notice of appeal within forty-two days after the entry of judgment by the clerk on August 8, 1990, as required by I.A.R. 14. Therefore, the appeal from the judgment was not timely as to the memorandum, decision and order.

We dismiss the appeal as to the memorandum, decision and order. The appeal may proceed as to the amount of costs and attorney fees awarded to the Baxters.

At 120 Idaho at 420, 816 P.2d at 977.

In the present case, it is likewise clear that the district court's decision and dismissal order resolved all substantive issues raised in the litigation, leaving only the question of an award of costs and attorney fees for further determination. For the purpose of appeal, the dismissal order was a "final judgment," consistent with *Baxter.*

▉ Having so concluded, we are next faced with the issue of when the time for appeal commenced to run, in light of the plaintiff's contention that he did not receive from the clerk of the district court a copy of the order containing the clerk's filing stamp. Again, we note the striking similarity between this case and *Baxter.* Here, the order is dated March 15, 1990, and attached to the order is a certificate of mailing by the judge's law clerk certifying that a copy was mailed that same day to counsel for the respective parties. According to the index to the clerk's record prepared for this appeal, the order was filed by the clerk of the district court on March 16, 1990. As in *Baxter*, there is no indication in the record that the clerk of the court served a copy of the order, containing the clerk's filing stamp, on the plaintiff as required by I.R.C.P. 77(d). Nonetheless, the record here shows that the plaintiff had actual notice of the entry of the dismissal order within forty-two days of its filing, because, on April 10, 1990, in response to the defendants' memorandum of costs and attorney fees, the plaintiff filed a motion to disallow the attorney fees, reciting that his motion was based in part upon "the pleadings and records in this action, including the order granting defendants' motion for summary judgment." As noted, under rule 77(d), the lack of service on a party of a copy of the judgment or order containing the clerk's filing stamp matters not, if the party had actual notice of the order or judgment in question. It is well settled that actual knowledge of a judgment will cause the time for appeal to begin to run even if formal notice pursuant to I.R.C.P. 77(d) has not been given. *Cline v. Roemer*, 97 Idaho 666, 551 P.2d 621 (1976). Furthermore, our Supreme Court has held that where the appellant had actual notice of the entry of a judgment prior to expiration of the time for filing an appeal, a notice of appeal filed more than forty-two days after the entry of the judgment is not timely. *Tanner v. Cobb*, 101 Idaho 444, 614 P.2d 984 (1980). *See also Swayne v. Otto*, 99 Idaho 271, 580 P.2d 1296 (1978).

Here, the record establishes that the plaintiff had notice of the dismissal order, at least as of April 10, 1990, and within forty-two days from the filing of the judgment. Accordingly, the plaintiff's notice of appeal filed on July 25, 1990, was untimely as to the dismissal order, unless—as we next shall address—the appeal period was "terminated" under I.A.R. 14 by the timely filing of any proper motion by the plaintiff.

The record shows that the plaintiff filed a motion on April 10 to disallow an award of attorney fees to the defendants. However, under I.A.R. 14, motions regarding costs or attorney fees do not affect the time within which to appeal. The plaintiff also filed a motion on May 17 pursuant to I.R.C.P. 59(e) to alter or amend "the judgment to be entered." However, this motion was filed more than fourteen days after the dismissal order was entered and more than fourteen days after the date, April 10, when the record establishes that the plaintiff had notice of the order. Our Supreme Court has held that—to "terminate" the appeal time—a rule 59(e) motion must be filed within fourteen days of the entry of a judgment. *Hamilton v. Rybar*, 111 Idaho

396, 724 P.2d 132 (1986). Because the record does not show that the plaintiff timely filed any motion which would "terminate" the time period for appeal from the order dismissing his action, we conclude that the time for appeal from the dismissal order expired before the notice of appeal was filed on July 25, 1990. Consequently, we hold that the notice of appeal was untimely with respect to the order of dismissal, depriving us of jurisdiction to review that order.

We turn next to appellate review of the award of attorney fees to the defendants by the district court. The procedural background for this review is as follows. In their answer to the plaintiff's complaint, the defendants requested an award of "a reasonable attorney's [sic] fee as permitted by law." Following entry of the dismissal order on March 16, 1990, the defendants filed a memorandum of costs and attorney fees on March 27. This memorandum was served on the plaintiff by mail on March 23. In that memorandum, the defendants asserted that they were entitled to an award for attorney fees

> not only because they are the prevailing parties but because this lawsuit was instituted without any basis in law or fact, when the allegations of Plaintiff's Complaint are considered with the testimony in his deposition where he admits he consented to and authorized the settlement [of the claim for wrongful discharge by his employer]. Neither Plaintiff nor his attorney had any reasonable basis to believe that the Complaint against the Defendants, or any of them was grounded in fact or warranted by existing law.

In response, on April 10 the plaintiff filed a motion to disallow the request for attorney fees for the reason that the prosecution of this action was not frivolous, unreasonable or without foundation. As framed by the parties in their respective positions regarding the award of fees to the defendants,

the district court considered whether the award could be made under I.C. § 12–120(3)—relating to a commercial transaction—or under I.C. § 12–121—permitting recovery by the prevailing party in an action which was brought, pursued or defended frivolously, unreasonably or without foundation—or under I.R.C.P. 11(a)(1), which permits the assessment of fees personally against a party's attorney.

On June 28, the district court entered an order and judgment awarding to the defendants the fees and costs claimed in their memorandum filed on March 27. The court set forth in the order its reasons for making the fee award under I.C. §§ 12–120(3) and 12–121; the court declined to make the award under I.R.C.P. 11(a)(1). On July 25, the plaintiff appealed, within forty-two days from June 28.[1]

The plaintiff raises three issues relating to the award of fees. First, he contends the award cannot be sustained under I.C. § 12–120(3). Next, he argues that the court erred in finding that the action was brought or pursued by the plaintiff frivolously, unreasonably and without foundation in fact or law. Finally, he submits that the court failed to make relevant findings to support an award under I.C. § 12–121.[2]

In their motion to dismiss presented to this Court, the defendants do not urge that this Court lacks jurisdiction to review the fee award. They acknowledge that this appeal was timely filed with respect to the judgment for that award. Instead, the defendants contend that the plaintiff is precluded from now challenging the district court's decision to make the award because the plaintiff failed to comply with I.R.C.P. 54(e)(6) and 54(d)(6) by not filing and serving his motion to disallow any part of the defendants' fee request, within fourteen days after the defendants' memorandum of costs and fees was served on the plaintiff. The defendants cite, as authority for the

---

1. The order determining the basis and the amount for an award of costs and fees to the defendants was an order entered after final judgment (the March 16 dismissal order) and was separately appealable under I.A.R. 11(a)(7). *See Tanner v. Cobb, supra.*

2. The plaintiff does not question whether the defendants were the prevailing parties nor does he raise any issue with regard to the amount of the fees allowed to the defendants by the district court.

proposition that failure to file a timely objection to the memorandum of costs or fees constitutes a waiver of all rights to object to the award, *Lowery v. Board of County Commissioners for Ada County,* 115 Idaho 64, 764 P.2d 431 (Ct.App.1988); *Farber v. Howell,* 111 Idaho 132, 721 P.2d 731 (Ct.App.1986); and *Operating Eng. Local Union 370 v. Goodwin,* 104 Idaho 83, 656 P.2d 144 (Ct.App.1982). A close reading of *Lowery,* however, defeats the defendants' argument. In that case, we held that the period for a response to a memorandum of costs and fees was extended beyond the time limits specified by Rules 54(d)(6) and 54(e)(6) where service of the memorandum had been made by mail. We noted there that I.R.C.P. 6(e)(1) allows an additional three days for such a response and, under I.R.C.P. 6(a), the day when service is made will be excluded in computing the period of the prescribed time. Here, the defendants' memorandum was served by mail on March 23. Pursuant to Rules 54(d)(6), 54(e)(6) and 6(e)(1), the plaintiff had seventeen days thereafter to file and serve his objection to the memorandum. The plaintiff's motion to disallow the fees was served on April 9 and was filed on April 10. Under these circumstances, we conclude that the plaintiff's objection to an award of fees was timely asserted, and the objection was not waived.

■ We thus turn to the issues raised by the plaintiff. The district court relied on *Griggs v. Nash,* 116 Idaho 228, 775 P.2d 120 (1989), in making the award under I.C. § 12–120(3). Subsequent to the district court's conclusion in this case, however, the Supreme Court clarified its holding in *Griggs* and decided "that an action for legal malpractice is a tort action, and even though the underlying transaction which resulted in the malpractice was a 'commercial transaction,' attorney fees under [I.C. Section] 12–120(3) are not authorized." *Fuller v. Wolters,* 119 Idaho 415, 425, 807 P.2d 633, 643 (1991). The district court's misplaced reliance upon *Griggs,* however, is of no consequence and may be disregarded where the judgment of the court is based upon alternative grounds, if the judgment can be sustained upon one of those other grounds. *Fischer v. Fischer,*

92 Idaho 379, 443 P.2d 463 (1968). We thus turn to the alternative ground expressed by the court and challenged by the plaintiff, *i.e.,* the application of I.C. § 12–121.

■ In pertinent part, I.C. § 12–121 states that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties...." This statute has been supplemented by I.R.C.P. 54(e)(1), which provides that "attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation...." Rule 54(e)(2) additionally requires the court to make a written finding, either in the award or in a separate document, as to the basis and reasons for awarding attorney fees whenever an award is made pursuant to I.C. § 12–121. In the present case, the plaintiff contends that the court erred by determining that the award should be made under section 12–121 and by failing to make relevant findings as required by the rules. We disagree.

■ The district court's decision to award fees under I.C. § 12–121 recites as follows:

*B. Defendants are entitled to Attorney Fees Pursuant to I.C. Section 12–121 and I.R.C.P. Rule 54(e)(1).*

The Defendants have been sued for legal malpractice for (1) negligently entering into an agreement for the settlement of the Plaintiff's wrongful termination claim against Van–Gas without the Plaintiff's authority (Count One of Plaintiff's Complaint) and (2) for wrongfully representing to the Plaintiff that Defendant had entered into a binding settlement agreement of Plaintiff's wrongful termination claim with Van–Gas.

The allegations in Count One are refuted by the Plaintiff's own admissions. See Thompson Depo. [references deleted]. Furthermore, Plaintiff's counsel has expressly admitted that Thompson authorized Defendant to settle Plaintiff's wrongful termination claim for $15,000. See page 2, paragraph 2 of Plaintiff's Memorandum in Opposition to Motion for Summary Judgment.

Acting under this express authority from the Plaintiff, the Defendant entered into an oral agreement with Van–Gas's legal counsel for the settlement of the Plaintiff's wrongful termination action against Van–Gas for the sum of $15,-000.00. No wrongful misrepresentation is involved in the Defendant advising the Plaintiff that the oral agreement that she entered into with Van–Gas's counsel for the settlement of Plaintiff's wrongful termination claim, as was admittedly expressly authorized by the Plaintiff, was a binding settlement agreement.

It follows that this Court must conclude that this action was brought and/or pursued frivolously, unreasonably and without foundation in fact or law and that the Defendants are entitled to an award of attorney fees under the provisions of I.C. 12–121 and I.R.C.P. Rule 54(e)(1).

On review of an award of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1), the function of the appellate court is not to engage in fact finding, but rather only to determine if the trial court's finding is supported by substantial evidence in the record. *Sun Valley Shopping Center, Inc. v. Idaho Power Company*, 119 Idaho 87, 92, 803 P.2d 993, 998 (1991). Here, there is substantial evidence in the record, presented by way of affidavits and deposition, to support the district court's findings required under I.R.C.P. 54(e)(1). We conclude that the court below did not abuse its discretion in awarding attorney fees against the plaintiff.

In summary, because of lack of jurisdiction we do not review the order dismissing the plaintiff's complaint, and we affirm the award of attorney fees to the defendants. Costs to respondents; no attorney fees are awarded on appeal. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

SWANSTROM, J., and WINMILL, J. pro tem., concur.