**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44544**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 618** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 11, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **WESLEY WAYNE AUSTIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Jon J. Shindurling, District Judge.

Orders denying post-judgment motions to recuse; to void all judgments, orders, warrants, and detainers; and to enforce the terms of the plea agreement, <u>affirmed</u>.

Wesley Wayne Austin, Oakdale, Louisiana, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Wesley Wayne Austin appeals from the district court's orders denying his motions to recuse the district judge; to void all judgments, orders, warrants, and detainers filed by that judge; and to enforce the terms of Austin's plea agreement. For the reasons explained below, the district court's orders are affirmed.

In March of 2001, pursuant to a plea agreement, Austin pled guilty to ten counts of felony issuance of insufficient funds check. The judgment of conviction misstated the sentences. Austin appealed. In 2001, while Austin's appeal was pending, the district court filed an amended judgment of conviction correcting the sentences. In an unpublished opinion, this Court ordered the appeal dismissed as untimely. On January 15, 2016, Austin filed a motion to recuse the district judge; to void all judgments, orders, warrants, and detainers filed by that judge; and to enforce the terms of his plea agreement. At a subsequent hearing, Austin limited his argument to

only the motion seeking the judge's recusal. The district court denied the motion to recuse and Austin appealed. The Idaho Supreme Court dismissed Austin's appeal for lack of a final judgment or order. When the case returned to the district court, the court entered orders denying Austin's additional motions. Austin filed a notice of appeal.

A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *State v. Rollins*, 103 Idaho 48, 48, 644 P.2d 370, 370 (Ct. App. 1982). The question of a court's jurisdiction is a question of law over which this Court exercises free review. *State v. Cook*, 143 Idaho 323, 325, 144 P.3d 28, 30 (Ct. App. 2006).

Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *State v. Hartwig*, 150 Idaho 326, 329, 246 P.3d 979, 982 (2011). Idaho Appellate Rule 14 provides that appeals may only be made by physically filing a notice of appeal with the clerk of the district court within forty-two days from the date evidenced by the filing stamp of the clerk of the court on the judgment or order being appealed. Austin filed his motions in January of 2016. The district court's jurisdiction expired in 2001, as evidenced by this Court's dismissal of Austin's original appeal as untimely. Therefore, the district court lacked jurisdiction to consider Austin's untimely motions currently at issue.

Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Diaz*, 158 Idaho 629, 636, 349 P.3d 1220, 1227 (Ct. App. 2015). Though the district court denied Austin's motions based on the merits, rather than the jurisdictional issue, denial was proper. Accordingly, the district court's orders denying Austin's post-judgment motions are affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.