106 P.3d 470

**James CONWAY and Lynda Conway, husband and wife, Plaintiffs–Appellants,**

v.

**John R. SONNTAG, M.D., Defendant–Respondent.**

**No. 30246.**

Supreme Court of Idaho,
Boise, January 2005 Term.

Feb. 7, 2005.

Bujak Law, P.L.L.C., Nampa, for appellants. John T. Bujak argued.

Quane Smith, LLP, Boise, for respondent. Terrence S. Jones argued.

EISMANN, Justice.

This is an appeal from a judgment dismissing a claim for medical malpractice on the ground that the action was barred by the statute of limitations. We hold that under the facts in the record, the statute of limitations had not expired.

## I.  FACTS AND PROCEDURAL HISTORY

On October 5, 1999, the defendant-respondent John R. Sonntag, M.D., (Dr. Sonntag) performed cataract surgery upon the plaintiff-appellant Lynda Conway. During the procedure, he punctured the posterior portion of the lens capsule of her left eye. As a result, she suffered increased intraocular pressure in that eye, for which he treated her with medication until February 21, 2000. That treatment was not successful, and she lost the sight in her eye when the increased pressure ultimately destroyed the optic nerve.

On November 8, 2001, the Conways requested a prelitigation screening panel pursuant to Idaho Code § 6–1001. The panel issued its decision on March 20, 2002, and on the same day the Conways filed their complaint commencing this action. In count one of their complaint, the Conways alleged that Dr. Sonntag negligently punctured the lens capsule during the surgery. In count two they alleged that his post-operative treatment was negligent.

Upon Dr. Sonntag's motion for judgment on the pleadings, the district court dismissed count one on the ground that the facts alleged showed that it was barred by the two-year statute of limitations in Idaho Code § 5–219(4). Although the filing of the request for a prelitigation screening panel on November 8, 2001, would toll the running of

the statute of limitations, I.C. § 6–1005, the statute had already run with respect to negligence allegedly occurring on October 5, 1999.

Dr. Sonntag then moved for summary judgment on count two, contending that it too was barred by the statute of limitations. The district court granted the motion on the ground that the diminished vision and ultimate blindness in Lynda Conway's left eye were consequences of the initial damage she suffered during the cataract surgery and that such damage was objectively ascertainable as of October 14 and 18, 1999, when it was confirmed that she had diminished vision in her left eye.

The Conways filed a motion for reconsideration, submitting a second affidavit of their expert witness. Dr. Sonntag countered with his affidavit. The district court denied the motion for reconsideration, and the Conways timely appealed.

## II.  ANALYSIS

■■■ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon,* 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

The facts are undisputed that the puncturing of the lens capsule during the surgery on October 5, 1999, caused the increased intraocular pressure, and that the continuation of the increased pressure destroyed the optic nerve. The Conways' expert witness stated that Dr. Sonntag's medical records show the optic nerve was still alive on November 12,

1999, when Dr. Sonntag saw Lynda Conway at his office. In the expert's opinion, "What caused Ms. Conway to lose her eyesight permanently was Dr. Sonntag's failure to be more aggressive in his treatment and continuing treatment by the prescription of medication after November 12, 1999." In his affidavit, Dr. Sonntag stated that the elevated intraocular pressure caused injury to Lynda Conway's left eye, and that such injury was objectively ascertainable during her seven post-operative visits from October 11 through November 3, 1999.

■■■ An action to recover damages for "professional malpractice" must be commenced within two years after the cause of action has accrued. I.C. §§ 5–201 & 5–219 (1998). Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently and knowingly concealed, the cause of action for professional malpractice accrues "as of the time of the occurrence, act or omission complained of," I.C. § 5–219 (1998), although there must also be "some damage" for the cause of action to accrue. *Lapham v. Stewart,* 137 Idaho 582, 51 P.3d 396 (2002). The limitation period is not extended by reason of any continuing consequences or damages resulting from the malpractice or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer. I.C. § 5–219 (1998). In a medical malpractice action, the statute of limitations is tolled upon the filing of a request for a prelitigation screening panel, during the time the claim is pending before the panel, and for thirty days thereafter. *James v. Buck,* 111 Idaho 708, 727 P.2d 1136 (1986); I.C. § 6–1005. Since the Conways filed their request for a prelitigation panel on November 8, 2001, their claim would be barred by the statute of limitations unless it accrued after November 8, 1999.

■■■ The puncturing of the lens capsule increased the intraocular pressure in Lynda Conway's left eye. As a result of that increased pressure, it is undisputed that she had "objectively ascertainable injury" to her left eye during her postoperative visits from October 11 through November 3, 1999. The existence of "objectively ascertainable injury"

is simply an analytical tool to be used in determining when "some damage" has occurred. *Lapham v. Stewart*, 137 Idaho 582, 51 P.3d 396 (2002). Until the injured party has suffered some damage resulting from the alleged malpractice, the cause of action has not accrued and the statute of limitations does not begin to run. *Id.* In order for the cause of action to accrue, there must be both the alleged act of malpractice and the resulting damage. *Id.* The fact that after the surgery Lynda Conway suffered some damage that was objectively ascertainable prior to November 3, 1999, is not determinative of when her cause of action for malpractice accrued. For the cause of action to have accrued, the damage must have resulted from an act of malpractice ("the occurrence, act or omission complained of").

For a health care provider's conduct to constitute malpractice, the provider must have negligently failed to meet the applicable standard of health care, as it existed at the time and place of the alleged negligent act. *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 45 P.3d 816 (2002); I.C. § 6–1012. Generally speaking, whether a health care provider was negligent is an issue that must be established by expert medical testimony because it is a matter not ordinarily within the knowledge or experience of lay persons. *Maxwell v. Women's Clinic, P.A.*, 102 Idaho 53, 625 P.2d 407 (1981). There was no expert testimony asserting that Dr. Sonntag committed malpractice when he punctured the lens capsule during the cataract surgery on October 5, 1999. In his affidavit, Dr. Sonntag stated, "My care and operative treatment of Lynda Conway complied in all respects with the standard of health care practice applicable to physicians engaged in the medical specialty of ophthalmology and ophthalmological surgery in Boise, Idaho in 1999." The opinions expressed by the Conways' expert focused solely upon Dr. Sonntag's post-operative treatment. Thus, the only issue of negligence presented concerned the post-operative care. We therefore need not address whether the surgery and the post-operative care should be considered separate acts of negligence for the purposes of the statute of limitations.

Dr. Sonntag initially treated the elevated intraocular pressure in Lynda Conway's left eye with medication. There is no expert testimony indicating that such initial treatment fell below the applicable standard of care. Rather, the alleged malpractice was failing to take alternative measures after the initial treatment proved ineffective. The Conways' expert stated that in his opinion "the Defendant negligently failed to meet the applicable standard of health care practice in the Boise–Meridian community in providing post-operative care for elevated pressure in Lynda Conway's eye after medication failed to resolve the condition." He opined that Dr. Sonntag's treatment was first negligent on November 12, 1999. According to the expert, "[T]he Defendant's level of care failed to meet the community standard when, on November 12, 1999, ... the pressure in Lynda Conway's eye spiked to 50+ after continued treatment with various medications and the Defendant failed to take alternative measures to reduce the pressure in the eye."

Under the facts of this case, the Conways' claim could not have accrued before the first incident of alleged malpractice, which was on November 12, 1999. They filed their request for a prelitigation screening panel on November 8, 2001, less than two years after the alleged act of malpractice. Therefore, their claim alleged in count two of the complaint was not barred by the statute of limitations, and the district court erred in dismissing it.

Dr. Sonntag also requests attorney fees on appeal pursuant to Idaho Code § 12–121. Because he is not the prevailing party, he is not entitled to an award of attorney fees under that statute. *Swallow v. Emergency Medicine of Idaho, P.A.*, 138 Idaho 589, 67 P.3d 68 (2003).

### III. CONCLUSION

The judgment of the district court is vacated, the order granting summary judgment is reversed, and this case is remanded for further proceedings consistent with this opinion. Costs on appeal to the appellants.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.