## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 41188

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff-Respondent, | ) ) | Boise, September 2014 Term |
| v. | ) ) | 2014 Opinion No. 111 |
| MARGARET A. BUTCHER, | ) ) | Filed: October 29, 2014 |
| Defendant-Appellant, | ) ) | Stephen W. Kenyon, Clerk |
| and | ) ) | |
| DENNIS D. BUTCHER, and JOHN DOES 1-10, whose true identity is unknown, as Occupants of the Premises located at 10512 W. Achillea Street, Star, Idaho 83669, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

Appeal from the district court of the Fourth Judicial District of the State of Idaho, Ada County.  Hon. Kathryn A. Sticklen, Senior District Judge. Hon. Christopher Bieter, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.  Costs on appeal are <u>awarded</u> to respondent.

Law Offices of Wesley W. Hoyt, Clearwater, attorneys for appellant. Wesley Hoyt argued.

Routh Crabtree Olsen, P.S., Boise, attorneys for respondent. Lance Olsen argued.

_____

WALTERS, J. *pro tem*

## I. NATURE OF THE CASE

Margaret Butcher and her former husband purchased residential property in 2005 with a loan secured by the property from Home Federal Bank. Butcher received the property in their

divorce in 2009, and she subsequently defaulted on the loan. Wells Fargo Bank, the indorsee of the loan, foreclosed on the property. At the foreclosure sale, Federal Home Loan Mortgage Corporation ("FHLMC") purchased the property with a credit bid. FHLMC then filed a post-foreclosure eviction complaint for ejectment and restitution of the property. The magistrate court granted FHLMC's motion for summary judgment and entered a final judgment in favor of FHLMC. Butcher appealed. The district court affirmed the magistrate court's decision. Butcher appeals to this Court. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2005, Butcher and her husband borrowed $147,900 from Home Federal Bank to purchase residential property located at 10512 West Achillea Street in Star, Idaho. They executed a deed of trust as security for the loan. Home Federal Bank indorsed the note without recourse to Wells Fargo Bank. Butcher received the property in the divorce from her husband. She defaulted on the loan, and Wells Fargo Bank recorded a notice of default. After some delay, a trustee's sale occurred on May 16, 2011. A trustee's deed was issued to FHLMC, stating that FHLMC bought the property for $123,000 on the day of the sale. FHLMC purchased the property with a credit bid.

On July 12, 2011, FHLMC filed a post-foreclosure eviction complaint for ejectment and restitution of the property. On August 1, 2011, Butcher filed a notice of appearance pro se. On August 16, 2011, Butcher filed an answer. On September 28, 2011, FHLMC moved for summary judgment. FHLMC notified Butcher of a hearing on its motion scheduled for November 1, 2011. Butcher did not file a response, but she appeared at the hearing. The parties stipulated to continue the hearing to November 22, 2011, to allow for Butcher to respond to FHLMC's motion. The magistrate court informed Butcher that she had to respond no later than November 15, 2011, and told FHLMC that it could file a reply by November 21, 2011. On November 15, 2011, the clerk of the court refused to accept Butcher's response and instead allowed her to file a pre-printed "Answer" form. FHLMC received Butcher's response by mail. On November 21, 2011, FHLMC filed its reply. On November 22, 2011, the magistrate court held a hearing on FHLMC's motion for summary judgment. The magistrate court accepted Butcher's response during the hearing and also told Butcher, "I'll read everything that you've filed." On November 25, 2011, the magistrate court granted summary judgment to FHLMC. On December 5, 2011, Butcher filed a

2

memorandum responding to FHLMC's reply on summary judgment. The magistrate court did not take any action in response to this filing.

On December 9, 2011, Butcher filed a notice of appeal with the district court. She claimed, among other things, that she did not receive FHLMC's reply until November 23, 2011. On March 22, 2012, Butcher filed her opening brief. On April 24, 2012, FHLMC filed its brief. The district court ordered a temporary remand for the magistrate court to enter a final judgment, which was entered on June 18, 2012. Oral argument on the appeal to the district court was postponed because Butcher retained counsel. The district court heard oral argument on November 15, 2012. On May 23, 2013, the district court affirmed the magistrate court's decision. Butcher appeals to this Court.

### III. ISSUES ON APPEAL

**1.** Whether the magistrate court erred in granting summary judgment to FHLMC because Butcher raised a genuine issue of material fact as to the validity of FHLMC's credit bid.

**2.** Whether the magistrate court violated Butcher's due process rights.

**3.** Whether Butcher waived the issues on appeal regarding the shelter rules, dual-tracking, and jurisdiction.

### IV. STANDARD OF REVIEW

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*State v. Doe*, 156 Idaho 243, 244, 322 P.3d 976, 977 (2014) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). "Thus, this Court does not review the decision of the magistrate court. 'Rather, we are procedurally bound to affirm or reverse the decisions of the district court.'" *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013) (citation omitted) (quoting *Bailey*, 153 Idaho at 529, 284 P.3d at 973) (internal quotation marks omitted).

> This Court reviews appeals from a grant of summary judgment using the same standard as is used by the district court ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Teurlings v. Larson*, 156 Idaho 65, 69, 320 P.3d 1224, 1228 (2014) (citation omitted) (quoting Idaho Rule of Civil Procedure (I.R.C.P.) 56(c)). The Court construes all disputed facts in favor of

the non-moving party, "and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Fuller v. Callister*, 150 Idaho 848, 851, 252 P.3d 1266, 1269 (2011) (quoting *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010)). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Conway v. Sonntag*, 141 Idaho 144, 146, 106 P.3d 470, 472 (2005).

## V. ANALYSIS

### A. The Magistrate Court Did Not Err In Granting Summary Judgment To FHLMC.

Butcher's first two arguments on appeal consist of a specific challenge to the validity of FHLMC's credit bid to purchase the property. Butcher claims that the failure of Wells Fargo Bank to record its assignment of the deed of trust to FHLMC pursuant to Idaho Code section 45-1505(1) precluded FHLMC from purchasing the property with a credit bid. We hold that Butcher waived this issue.

"This Court has repeatedly held that pro se litigants are held to the same standards and rules as those litigants represented by an attorney." *Clark v. Cry Baby Foods, LLC*, 155 Idaho 182, 185, 307 P.3d 1208, 1211 (2013). Pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules and standards of appellate practice. "Generally, 'an issue presented on appeal must have been properly framed and preserved in the court below.'" *Wood v. Wood*, 124 Idaho 12, 16–17, 855 P.2d 473, 477–78 (Ct. App. 1993) (quoting *Centers v. Yehezkely*, 109 Idaho 216, 217, 706 P.2d 105, 106 (Ct. App. 1985)); *see also* Idaho Appellate Rule (I.A.R.) 35(a). "[A]n issue not raised in an intermediate appeal will not be decided by a higher court." *Barmore v. Perrone*, 145 Idaho 340, 344, 179 P.3d 303, 307 (2008) (quoting *Craven v. Doe*, 128 Idaho 490, 493, 915 P.2d 720, 723 (1996)). The Court will not consider issues that are raised for the first time on appeal. *Sadid v. Idaho State Univ.*, 151 Idaho 932, 941, 265 P.3d 1144, 1153 (2011).

We conclude that Butcher failed to properly frame and preserve the credit bid issue in both the magistrate court and the district court. In Butcher's filings before the magistrate court, there was no discussion or legal analysis of this issue. It is also notable that Butcher provided no admissible evidence in her response to FHLMC's motion for summary judgment. *See Smith v. Mack Trucks, Inc.*, 505 F.2d 1248, 1249 (9th Cir. 1974) (per curiam) ("Legal memoranda and oral argument, in the summary-judgment context, are not evidence, and do not create issues of

4

fact capable of defeating an otherwise valid motion for summary judgment."). Similarly, Butcher's discussion of the credit bid in her appellate brief before the district court contained very little coherent argument or legal authority.

As recognized by the district court, Butcher's most coherent argument on the credit bid issue focused on the low price of the credit bid and some sort of bad faith action by Wells Fargo Bank and FHLMC. However, an assignment of error is too indefinite on appeal if "an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). An issue "only mentioned in passing and not supported by any cogent argument or authority" is not preserved for appeal. *Id.* Thus, the mere allegation of a bad faith credit bid in Butcher's brief before the district court was insufficient to preserve the issue raised before this Court.

Due to a complete lack of argument or authority in the lower courts, we conclude that Butcher has not preserved the specific credit bid issue for this Court's review. For this reason, we hold that Butcher waived this issue and we decline to address the merits of the issue on appeal. *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 325–26, 297 P.3d 1134, 1142–43 (2013); *Bach*, 148 Idaho at 790, 229 P.3d at 1152.

**B.     Butcher Has Waived Any Issue Regarding A Due Process Violation In Magistrate Court, The Shelter Rules, Dual-Tracking, And Jurisdiction.**

Butcher claims on appeal that the magistrate court deprived her of a full and fair opportunity to litigate her claims. We hold that Butcher waived any due process argument for two reasons. First, Butcher failed to raise any due process challenges before the district court. "It is well settled that an issue is not preserved for review by this Court even though it was raised before the magistrate when the issue is not raised later before the district court in the intermediate appeal." *Stonecipher* v. *Stonecipher*, 131 Idaho 731, 737, 963 P.2d 1168, 1174 (1998). Second, she failed to provide this Court with any legal authority on appeal regarding due process. I.A.R. 35(a)(6); *Bach*, 148 Idaho at 790, 229 P.3d at 1152. We decline to review this due process issue raised for the first time on appeal.

We recognize that Butcher takes great issue with the fact that she did not receive FHLMC's reply on its motion for summary judgment until after the summary judgment hearing. According to Butcher, she was deprived a full and fair opportunity to rebut the assertions in FHLMC's reply. Butcher contends FHLMC submitted its reply at the last minute in violation of the standards of the legal profession. This contention that FHLMC's counsel acted unethically is

without merit. FHLMC complied with the magistrate's scheduling order by submitting its reply brief to the magistrate court on the due date. Thus, Butcher has no grounds to contend that FHLMC engaged in "trial by ambush." Moreover, Butcher was not entitled under the Idaho Rules of Civil Procedure to respond in writing to FHLMC's reply brief. Pursuant to the civil rules, the moving party files a motion with a supporting brief, the opposing party files an answering brief, and the moving party may file a reply brief. I.R.C.P. 56(c). Nothing in the rules entitles the opposing party to respond to the reply brief. Thus, Butcher had no right without leave of court to respond in writing to FHLMC's reply and at no time did Butcher seek leave of court to file a response. Further, "[t]he court may alter or shorten the time periods and requirements of this rule for good cause shown . . . ." I.R.C.P. 56(c). Based on the procedural posture of this case, the magistrate court's scheduling decisions were within its discretion. Finally, to the extent that Butcher claims she was unable to adequately respond in oral argument to FHLMC's reply brief, she has identified no information that she would have proffered to rebut the evidence submitted in FHLMC's reply brief. For the above reasons, we find that an assertion of a due process violation based on FHLMC's reply brief is meritless.

Butcher asserts additional arguments on appeal regarding the shelter rules, dual-tracking and jurisdiction. Due to the complete lack of legal authority and sufficient argument, we hold that Butcher waived these issues and we decline to address them on appeal. *Bettwieser*, 154 Idaho at 325–26, 297 P.3d at 1142–43; *Bach*, 148 Idaho at 790, 229 P.3d at 1152; *see also* I.A.R. 35(a)(6).

## VI. CONCLUSION

The decision of the district court is affirmed. Neither party requested an award of attorney's fees. Costs on appeal are awarded to respondent.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.