**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47734**

| | |
|---|---|
| **CAROLE A. BETTWIESER,** )<br>)  **Filed: March 1, 2021**<br>**Petitioner-Respondent,** )<br>)  **Melanie Gagnepain, Clerk**<br>**v.** )<br>)  **THIS IS AN UNPUBLISHED**<br>**MARTIN H. BETTWIESER,** )  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>**Respondent-Appellant.** )<br>) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge; Hon. Laurie Fortier, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming an order granting a protection order against appellant, <u>affirmed</u>.

Martin H. Bettwieser, Boise, pro se appellant.

Katelynn Mitchell, Boise, for respondent.

_____

BRAILSFORD, Judge

Martin H. Bettwieser (Bettwieser) appeals pro se the district court's decision on intermediate appeal affirming the magistrate court's protection order. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2018, Carole Bettwieser (Carole) filed for divorce from Bettwieser. While the divorce action was still pending, Carole filed a pro se petition on March 19, 2019, for a protection order under Idaho Code § 18-7907. The next day, the magistrate court entered a temporary ex parte protection order and scheduled a hearing for April 3. At the hearing, both Carole and Bettwieser appeared and represented themselves pro se.

At the beginning of the hearing, Bettwieser inquired about cross-examination:

[Bettwieser]: Do I get to cross-examine, Your Honor?

1

[The Court]: Probably not, but you can give your own testimony. I typically don't, when people are self-represented, allow them to cross-examine the other person.

. . . .

I typically don't allow people to cross-examine one another when they're self-represented, but you can tell me your side of the story and what kind of things you want, and we'll go from there.

Thereafter, both Carole and Bettwieser testified. Among other things, Carole testified that after she filed for divorce and moved out of the marital residence, Bettwieser repeatedly emailed and texted her, despite Carole asking him not to contact her; he "showed up" at the recreational facility where she played tennis while she was playing; and he "entered [her] car illegally in the parking lot of [her] work at St. Luke's Meridian Hospital and left items in [her] car." In support of this latter testimony, Carole admitted photographs of cookies and a box of candy in her car.

Further, Carole testified Bettwieser was able to locate her residence stating, "[H]e found it with my key fob coming up and down the street even though I had [the car] parked in the garage. . . . I was terrified." Afterwards, Carole moved to a different residence. Bettwieser was able to locate that residence too, despite Carole not telling her new address to anyone but her "sister and a friend." As proof that Bettwieser knew the address of her second residence, Carole admitted into evidence a card Bettwieser had a florist deliver to that residence.

During Bettwieser's testimony, he did not deny any of his conduct about which Carole testified. Instead, he offered explanations for his conduct. About his repeated emails and texts, he explained that Carole "just said she wasn't going to respond, to contact her attorney . . . but her attorney wasn't contacting me" and that "she would respond favorably to my e-mails, and she responded once to my text." Further, Bettwieser admitted in evidence a credit card receipt to prove he was scheduled to play tennis when he showed at the recreational facility while Carole was playing. Explaining why he put items in Carole's car, Bettwieser testified that during their marriage, "often we would go to each other's workplace and put affectionate things in each other's vehicles to show our affection for each other." Although Bettwieser did not directly address how he located Carole's addresses, he testified that he and Carole have two pending lawsuits; "there are times where I had to employ a private investigator, and I investigate all my issues myself, mostly myself"; "investigative work is part of the legal process"; and "everybody wants to know what's going on with the other person."

2

The magistrate court construed Carole's petition as alleging stalking and "telephone harassment" under I.C. § 18-7907(a) and (b). At the conclusion of the hearing, the court ruled that Bettwieser had committed stalking against Carole within the last ninety days. In support, the court specifically noted Bettwieser's repeated "nonconsensual contact" with Carole, which was "causing her emotional distress," including his conduct of putting things in her car and of locating her address twice. Further, the court concluded Bettwieser's conduct is "likely to reoccur, and it cause[s] irreparable injury." Accordingly, the court "renewed" the temporary protection order effective for a year.

Bettwieser appealed the magistrate court's protection order to the district court, and the district court entered a written ruling in December 2019 affirming the order. The parties' briefing on intermediate appeal is not contained in the record on this appeal. The district court, however, identified the issues Bettwieser raised on appeal as: (1) whether the magistrate court committed constitutional error by not allowing Bettwieser cross-examination; (2) whether the magistrate court committed constitutional error by "renewing" the protection order "according to the facts and law"; and (3) whether a protection order "can issue to obstruct investigations in a legal proceedings [sic] and is investigating [a] protected activity."

In its ruling, the district court noted Bettwieser did not assert any constitutional error before the magistrate court and did not cite the applicable standard of review. Nevertheless, the district court ruled that substantial and competent evidence supported the magistrate court's conclusion that Bettwieser committed stalking. Further, the district court ruled that, among other things, Bettwieser failed to cite any authority that he had a constitutional right to cross-examine Carole; he had not shown he was denied a meaningful opportunity to be heard; and he failed to show any prejudice to his substantial rights.

Bettwieser timely appeals the district court's decision affirming the magistrate court's protection order.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154

3

Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

### A.    Substantial and Competent Evidence Supports the Protection Order

Bettwieser identifies several issues in his statement of issues in this appeal, including the three issues the district court identified on intermediate appeal: (1) whether the magistrate court committed constitutional error by not allowing Bettwieser cross-examination; (2) whether the magistrate court committed constitutional error by "renewing" the protection order "according to the facts and law"; and (3) whether a protection order "can issue to obstruct investigations in a legal proceedings [sic] and is investigating [a] protected activity." Additionally, Bettwieser's statement of issues also states that whether the district court erred "in its findings and rulings" is an issue on appeal

As an initial matter, we note that the Idaho Supreme Court has repeatedly held that pro se litigants are held to the same standards and rules as those litigants represented by an attorney. *Fed. Home Loan Mortg. Corp. v. Butcher*, 157 Idaho 577, 580, 338 P.3d 556, 559 (2014). "Pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules and standards of appellate practice." *Id.* at 580-81, 338 P.3d at 559-60. One of those rules is that the appellant must identify and apply the correct standard of review. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id*.

In this case, Bettwieser failed to identify and to apply the correct standard of review for a district court's decision on intermediate appeal. Rather, Bettwieser incorrectly identifies the standard as one of free review. Regardless, we construe Bettwieser's issue statement about whether the district court erred "in its findings and rulings" as seeking a review of the district court's rulings on the three issues the court identified on intermediate appeal and also of its ruling that substantial and competent evidence supports the protection order. *Cf. Turner v. Turner*, 155 Idaho 819, 822-23, 317 P.3d 716, 719-20 (2013) (considering intermediate appeal of

4

magistrate court's domestic violence protection order under I.C. § 39-6306 despite appellant's misstatement of standard of review and noting appellate review of protection order is primarily based on whether substantial, competent evidence supports magistrate court's factual findings).

The district court correctly ruled that substantial and competent evidence supports the magistrate court's protection order for stalking under I.C. § 18-7907.[1]  This evidence included Bettwieser's repeated, nonconsensual contacts with Carole.  These contacts included Bettwieser's texts and emails and his conduct of locating Carole's addresses, accessing her car, and leaving items in it.  Carole testified that Bettwieser's conduct terrified her, intimidated her, and stressed her and that she was afraid.  Further, she testified that his conduct was malicious and relentless and that she was afraid it would continue.  This substantial and competent evidence is sufficient to satisfy the preponderance of evidence standard necessary to justify the entry of a protection order under I.C. § 18-7907.  *Cf. Turner*, 155 Idaho at 823, 317 P.3d at 719 (noting burden of proof for domestic violence protection order under I.C. § 39-6306 is preponderance of evidence).

On appeal, Bettwieser challenges the district court for not addressing "the credibility of Carole" when affirming the protection order.  As the district court noted, however, "[i]t is the province of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence." *Kelley v. Yadon,* 150 Idaho 334, 338, 247 P.3d 199, 203 (2011).  For this reason, an appellate court will not second-guess the trial court's credibility determinations.  *Id.*  Accordingly, the district court did not err by declining to address the substance of Bettwieser's arguments about Carole's credibility, and we likewise decline to address this issue.

Bettwieser also challenges the magistrate court's failure to make an express finding of malice.  The district court ruled that Bettwieser failed to raise this issue before the magistrate court and, therefore, did not preserve it for appeal.  The district court is correct that nothing in the record indicates Bettwieser actually argued an absence of malice.  Rather, a review of the record shows Carole testified that Bettwieser's conduct was malicious and, in contrast, Bettwieser testified that there was "[n]othing malicious in any of my communications or

---

[1]     In its written decision, the district court quotes an amended version of I.C. § 18-7907, which became effective July 2019.  Because the conduct at issue in this case occurred before July 2019, the earlier version of I.C. § 18-7907 is applicable.  The district court's incorrect reliance on the amended version of the statute, however, does not affect our analysis.

attempts or anything like that." Thus, to the extent the issue was before the magistrate court, the issue was a credibility issue. Although the magistrate court did not make an express finding of malice, its ruling indicates it concluded Carole's testimony that Bettwieser's conduct was malicious was more credible. Again, we decline to reweigh the trial court's credibility determinations. *See id.* (noting determination of witness's credibility is trial court's province).

Finally, Bettwieser argues that Carole never presented any specific evidence of emotional distress and that the magistrate court entered the protection order based only on a "single event," namely "one act of putting 'things in [Carole's] car.'" We disagree. The evidence contradicts both of these arguments. Carole testified about numerous instances of Bettwieser's nonconsensual contact, and the magistrate court relied on those instances in ruling Bettwieser had committed stalking, including Bettwieser's conduct of putting things in Carole's car and of locating her address twice. Further, Carole repeatedly testified Bettwieser's nonconsensual contact terrified her, intimidated her, stressed her, and made her afraid. Accordingly, we reject both Bettwieser's arguments that Carole failed to present evidence of emotional distress and that the magistrate court relied on only a single act in support of its conclusion that Bettwieser committed stalking. Accordingly, we hold that the district court did not err by concluding substantial and competent evidence supports the magistrate court's protection order.

## B.    Failure to Preserve Constitutional Challenges

We also hold that the district court did not err by concluding Bettwieser failed to preserve his constitutional challenges for intermediate appeal. Generally, an appellate court will not consider issues raised for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). As the district court correctly noted, Bettwieser did not raise any constitutional challenges before the magistrate court including his assertion that the magistrate court violated his constitutional rights by not allowing him cross-examination in violation of the Confrontation Clause and by "renewing" the protection order in violation of his First Amendment "protected speech." Bettwieser did not argue before the magistrate court that the First Amendment protected his conduct, that the absence of cross-examination violated the Confrontation Clause, or that his constitutional rights were otherwise violated.

Rather, the hearing transcript shows simply that Bettwieser inquired at the beginning of the hearing whether he could cross-examine, and the magistrate court responded, "Probably not." Thereafter, Bettwieser never requested cross-examination again, including after Carole's

testimony concluded. Because Bettwieser failed to raise any constitutional challenges before the magistrate court, we conclude the district court correctly ruled Bettwieser's constitutional arguments were not preserved for intermediate appeal, and they are, likewise, not preserved for purposes of this appeal. *See id.* (ruling appellate court will not consider issues for first time on appeal); *Wood v. Wood*, 124 Idaho 12, 16-17, 855 P.2d 473, 477-78 (Ct. App. 1993) (ruling appellant may not raise issues not raised on intermediate appeal).

## C.    Unpreserved Issues Raised for the First Time in This Appeal

Similar to Bettwieser's attempt to raise issues for the first time on intermediate appeal, he likewise attempts to raise issues for the first time on appeal to this Court. For example, Bettwieser identified two new issues in his issue statement in this appeal which were not identified in the district court's summary of issues on intermediate appeal: (1) whether a protection order under I.C. § 18-7907 is a quasi-criminal proceeding which provided him constitutional protections; and (2) whether pro se litigants have the same rights as attorneys to examine witnesses.

The record on appeal does not indicate that Bettwieser ever raised these issues either before the magistrate court or before the district court. The appellant is responsible for providing a sufficient record to substantiate his claim on appeal, including a record of the arguments he raised before the trial and intermediate appellate courts. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). Bettwieser explains that his opening brief in this appeal contains "the brief that was submitted to the district court" and also contains additional briefing to this Court which is highlighted in bold. An appellant's resubmission of its modified intermediate appellate briefing to this Court, however, is insufficient to substantiate the issues raised before the district court. Inclusion of Bettwieser's intermediate appellate briefing in the record was his responsibility. Absent this briefing in the record, we presume that the district court accurately identified Bettwieser's issues on intermediate appeal and that Bettwieser failed to raise any issues not identified by the district court. For this reason, we decline to address the two issues Bettwieser identifies in the statement of issues in his opening appellate brief, which were not identified as issues on appeal in the district court's decision. *See Wood*, 124 Idaho at 16-17, 855 P.2d at 477-78 (ruling appellant may not raise issues not raised on intermediate appeal).

Bettwieser also raises other arguments on appeal for the first time in the text of his briefing including, for example, whether the "pleadings and investigations in other pending actions of the parties" are "relevant to the issues of stalking" and whether the magistrate court committed fundamental error by "not allow[ing]" cross-examination. We decline to address these arguments. Bettwieser waived them both by failing to raise them before the trial and intermediate appellate courts and by failing to include the issues in his issue statement on appeal. *See, e.g.*, *Rhead v. Hartford Ins. Co. of the Midwest*, 135 Idaho 446, 452, 19 P.3d 760, 766 (2001) (ruling appellate court will not review issues not presented in statement of issues); *Wood*, 124 Idaho at 16-17, 855 P.2d at 477-78 (ruling appellant may not raise issues not raised on intermediate appeal).

**D.     Attorney Fees on Appeal**

Carole is the prevailing party on appeal and requests an award of attorney fees under I.C. § 12-121. An award under this provision is appropriate if the nonprevailing party pursued, defended, or brought the appeal frivolously, unreasonably, or without foundation. *Clark v. Jones Gledhill Fuhrman Gourley, P.A.*, 163 Idaho 215, 230, 409 P.3d 795, 810 (2017). Such circumstances exist, for example, if a party only asks the Court to second-guess the trial court by reweighing the evidence, fails to show well-established law was incorrectly applied, or fails to provide authority or legal argument in support of the party's assertions. *Id.*

We conclude that Carole is entitled to an award of attorney fees on appeal under I.C. § 12-121. Bettwieser's arguments either ignore the evidence or request this Court to reweigh the evidence, and he also raises numerous unpreserved issues on appeal. For these reasons, an award of attorney fees to Carole under I.C. § 12-121 is appropriate.

## IV.

## CONCLUSION

We hold that the district court did not err in affirming the magistrate court's protection order. Accordingly, we affirm the district court's decision. Further, we award Carole attorney fees under I.C. § 12-121 and I.A.R. 41 and costs under I.A.R. 40.

Judge GRATTON and Judge LORELLO **CONCUR**.

8