**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50658**

| | |
|---|---|
| RAUL MENDEZ,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>BANNER BANK,<br><br>       Defendant-Respondent. | )<br>)  **Filed: August 19, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Adam Dingeldein, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, dismissing appeal, <u>reversed</u> <u>and</u> <u>remanded</u>.

Raul Mendez, Meridian, pro se appellant.

Hawley Troxell Ennis & Hawley, LLP; Sheila R. Schwager, Boise, for respondent.

_____

LORELLO, Judge

Raul Mendez appeals from the district court's order, on intermediate appeal from the magistrate court, dismissing his appeal. We reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mendez filed the underlying action alleging fraud and breach of contract based on Banner Bank charging a $2 fee for delivery of paper account statements. The magistrate court granted Banner Bank's motion for summary judgment and dismissed the action with prejudice on January 3, 2023. On January 12, 2023, Banner Bank requested costs and attorney fees. On January 23, 2023, Mendez moved to vacate the judgment under I.R.C.P. 60(b). On March 8, 2023, the magistrate court denied the motion to vacate the judgment and awarded costs and attorney fees

1

to Banner Bank. On March 20, 2023, Mendez filed a notice of appeal from the order denying his motion to vacate the judgment and the order awarding costs and attorney fees. On March 23, 2023, the district court sua sponte dismissed the appeal for lack of jurisdiction after finding the notice of appeal was not timely filed. Mendez again appeals.

## II.

## STANDARD OF REVIEW

Jurisdiction is a question of law over which this Court exercises free review. *See Brown v. Brown*, 157 Idaho 522, 525, 337 P.3d 681, 684 (Ct. App. 2014).

## III.

## ANALYSIS

Mendez presents fourteen issues on appeal. Included within these issues is an argument that the district court abused its discretion by dismissing his appeal for lack of jurisdiction. Banner Bank argues that the district court properly dismissed Mendez's appeal because his notice of appeal was untimely.[1] Banner Bank also requests costs and attorney fees on appeal. We hold that, because Mendez filed a timely notice of appeal from appealable orders, his appeal should not have been dismissed for lack of jurisdiction.

### A. Appellate Jurisdiction

The jurisdictional question presented by this appeal is dispositive. Idaho Rule of Civil Procedure 83 sets forth the scope of appeals from decisions of the magistrate court to the district court. Any of the judgments or orders in an action in the magistrate court that would be appealable under I.A.R. 11, including any order made after final judgment, must be appealed to the district court. I.R.C.P. 83(a)(2)(B); I.A.R. 11(a)(7). Mendez's notice of appeal to the district court expressly indicated he was appealing the magistrate court's orders denying his motion to vacate the judgment and granting Banner Bank's motion for costs and attorney fees. Mendez's notice of appeal states, in relevant part: "Appellant Raul Mendez appeals [the magistrate court's] March 8, 2023 Orders <u>denying</u> Raul Mendez['s] Motion to Vacate Judgment and <u>granting</u> Banner's [sic] Bank Application for Attorney Fees and Costs." Both orders are appealable. *See* I.A.R. 11(a)(7).

---

[1] Banner Bank raises additional arguments on appeal that we need not address in light of our conclusion that the district court should not have dismissed Mendez's appeal as untimely.

2

Thus, so long as Mendez's notice of appeal was filed within forty-two days from the entry of those orders, his appeal as to those orders would be timely. *See* I.R.C.P. 83(b) (providing a "notice of appeal must be filed within 42 days from the date file stamped by the clerk of the court on the judgment or order being appealed"). Both the order denying Mendez's motion to vacate the judgment and the order granting Banner Bank's motion for costs and attorney fees are file stamped March 8, 2023. Mendez's notice of appeal is file stamped twelve days later on March 20, 2023. Thus, Mendez filed a timely notice of appeal from two appealable orders.

We agree with the district court that the notice of appeal was not timely from the original judgment of dismissal, which is file stamped January 3, 2023, and that neither Mendez's Rule 60 motion nor Banner Bank's motion for attorney fees and costs tolled the time to file an appeal from the original judgment, *See* I.R.C.P. 83(b)(1)(B)(i)-(iv). However, because Mendez's appeal was timely from the orders designated in his notice of appeal, the district court had appellate jurisdiction to consider any challenges to those orders.

Banner Bank argues that Mendez's notice of appeal in district court "was not in conformance with Rule 83 of the Idaho Rules of Civil Procedure, was convoluted, and difficult to follow." However, Banner Bank does not explain how the notice of appeal failed to conform with I.R.C.P. 83; what about it was "convoluted, and difficult to follow"; or why any of these alleged shortcomings would be jurisdictional. Banner Bank also contends "it is evident" that the district court determined that Mendez "was attempting to raise issues related to the overall merits of the case that were regarding the Summary Judgment and the Order Denying the Second Amended Motion, rather than the Rule 60(b) Order or the Attorney Fee Order." That Mendez's appellate brief to this Court may focus on issues related to the original judgment from which he did not timely appeal does not resolve the jurisdictional question. The merits of any substantive claims Mendez wishes to raise on appeal must first be considered by the district court. *See Federal Home Loan Mortg. Corp. v. Butcher*, 157 Idaho 577, 581, 338 P.3d 556, 560 (2014) (requiring preservation of issues in the intermediate appellate court).

Because Mendez's appeal was timely from the two orders designated in his notice of appeal, the district court erred in dismissing his appeal for lack of jurisdiction.

3

**B.     Costs and Attorney Fees**

Banner Bank requests an award of costs and attorney fees on appeal pursuant to the express terms and conditions of a contract between the parties. The contractual term Banner Bank relies on reads, in pertinent part:

> LIABILITY - . . . You will be liable for our costs as well as for our reasonable attorneys' fees, to the extent permitted by law, whether incurred as a result of collection or in any other dispute involving your account . . . This also includes any action that you or a third party takes regarding the account that causes us, in good faith, to seek the advice of an attorney, whether or not we become involved in the dispute.

To be awarded attorney fees pursuant to a contractual provision, the party seeking fees must be both entitled to attorney fees under the contract and have prevailed on the discrete claim under the contract. *Miller v. Rocking Ranch No. 3 Prop. Owners' Ass'n, Inc.*, 173 Idaho 285, 298, 541 P.3d 1279, 1292 (2024). The overall prevailing party standard of I.R.C.P. 54 does not apply; rather, the determination of whether the party is entitled to recover its fees under the contract is a claim-by-claim determination that examines whether the party seeking fees recovered on each claim covered by the contractual attorney fee provision. *Miller*, 173 Idaho at 298, 541 P.3d at 1292. Because Banner Bank is not the prevailing party as to any claims raised on this appeal, we decline to award costs and attorney fees.

## IV.

## CONCLUSION

The district court erred in dismissing Mendez's intermediate appeal based on a lack of jurisdiction because his notice of appeal was timely filed from the two orders designated in his appeal--the order denying his motion to vacate judgment under I.R.C.P. 60 and the order awarding costs and attorney fees to Banner Bank. Accordingly, we reverse the order dismissing Mendez's appeal for lack of jurisdiction and remand for further proceedings. Further, because Banner Bank is not the prevailing party as to the claims raised on this appeal, we decline to award costs and attorney fees. Costs on appeal awarded to Mendez as the prevailing party.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4